Trippe, Judge.
1. Is a foreign corporation liable to a summons of garnishment in this State? By section 3213 of the Code attachments may issue against such corporations “under the same rules and regulations as are by this Code prescribed in relation to issuing attachments and garnishment in other cases.” Before the Code, in 5 Georgia, 531, this Court held that “the property of a foreign corporation, within the limits of this State is liable to be attached under our attachment laws.” At this term of the Court, it was decided in the case of E. W. Wilson vs. The Bank of Louisiana, that a foreign corporation is liable to an attachment, which was levied by service of summons of garnishment. In 41 Georgia, 671, in speaking of the mode of service in suits against domestic corporations, this Court says: “Why should a foreign corporation not stand upon the same footing and be served in the same way? It locates an office here. It appoints an agent here. It makes contracts here, through that agent. In our judgment it may be made a defendant to a suit here and be served by serving its agent just as a Georgia corporation may.”
Here then are authorities that a foreign corporation, whether or not it is doing business in this State, is liable to an attachment* — that one doing business here may be sued and served as a Georgia corporation. Why, then, is it not liable to the garnishment laws? A garnishment is a suit. Its creditor can bring his action for the debt, and there can be no reason, in principle, why one to whom that creditor is indebted may not, by garnishment of the corporation, subject its creditor’s claim to the payment of his debts. A Georgia corporation is not subject to garnishment in any county where suit could not be, brought for the debt it is charged to owe. So it is with the foreign corporation. It is not liable to garnishment except *262 where suit could be brought on the debt it is charged to owe': See Clark vs. Chapman, etc., 45 Georgia, 486.
2. In the case of Elder vs. Whitehead, 25 Georgia, 262, it was decided that an attorney at law is not authorized to make the affidavit in forma pauperis to entitle a party to an appeal without paying costs or giving security. The same reason that controls in cases of appeals applies to a certiorari — the law does not allow it.
Judgment reversed.