## PATRICK J. ROCHE ET AL.

### v.

## THE RHODE ISLAND INSURANCE ASSOCIATION

1. GARNISHMENT — FOREIGN CORPORATION DOING BUSINESS IN THIS STATE SUBJECT TO.—A foreign insurance company, by establishing an agency here and doing business in this State, becomes a resident for all purposes of suit, and hence is liable here as garnishee of its non-resident creditors.

2. JURISDICTION IN GARNISHMENT.—The process of garnishment will not lie against a party who neither resides, nor has in his hands property of the defendant, nor is bound to pay him money or deliver him property within the State where it is issued; but all these conditions must concur to exempt him.

3. FOREIGN EXEMPTION LAWS.—The garnishee answered that it was indebted upon a policy of insurance upon the homestead of the debtor in Wisconsin, and that by the laws of that State such insurance was exempt from attachment and garnishment, and that since the commencement of garnishment proceedings it had been compelled by judgment of a court of competent

jurisdiction in that State, to pay the amount of such insurance to the debtor. *Held*, that the answer was insufficient; that the exemption law of Wisconsin could have no force without that State.

4. PLEA OF SUIT PENDING.—While the pendency of another suit between the same parties for the same cause of action in another State is not a defense, the pendency of an attachment in another State for the debt sued for, stands upon different grounds, and is pleadable in abatement.

APPEAL from the Superior Court of Cook county.

Mr. JAMES GOGGIN, for appellants; that the exemption laws of a foreign State have no force in this State, cited Mineral Point R. R. Co. v. Barron, 83 Ill. 365; Story on Conflict of Laws, §§ 18, 410.

Messrs. GARDNER & SCHUYLER, for appellee; that a foreign corporation cannot be subject to garnishee process in this State, when it has no property of the defendant in its possession, and is not bound to pay the defendant money in this jurisdiction, cited Tingley v. Bateman, 10 Mass. 343; Ray v. Underwood, 3 Pick. 202; Hart v. Anthony, 15 Pick. 445; Nye v. Liscomb, 21 Pick. 263; Lovejoy v. Albree, 33 Me. 414; Jones v. Winchester, 6 N. H. 497; Lawrence v. Smith, 45 N. H. 533; Sawyer v. Thompson, 4 Foster, 510; Green v. F. & C. Bank, 25 Conn. 452; Bates v. N. O. R. R. Co. 4 Abb. Pr. 72; Wheat v. P. C. & F. D. R. R. Co. 4 Kan. 370; Danforth v. Penny, 3 Met. 564; Gold v. Housatonic R. R. Co. 1 Gray, 424. Smith v. B. C. & M. R. R. Co. 33 N. H. 337; Bradford v. Mills, 5 R. I. 393.

The laws of the time and place of making the contract, and where it is to be performed, enter into and form a part of it, and govern the rights and remedies of the parties: Van Hoffman v. Quincy, 4 Wall. 552; White v. Hart, 13 Wall. 646; Walker v. Whitehead, 16 Wall. 314; Edwards v. Kearzy, 6 Otto. 595; Bradshaw v. Newman, Breese, 133; Stacey v. Baker, 1 Scam. 417; Roundtree v. Baker, 52 Ill. 421; Rogers v. Meyers, 68 Ill. 92; Penn. Co. v. Fairchild, 69 Ill. 260; Gunn v. Barry, 15 Wall. 610.

Statutes of exemption pertain to the *rights* of the parties:

Bronson v. Kinzie, 1 How. 315; Gunn v. Barry, 15 Wall. 610; Gilman v. Williams, 7 Wis. 329.

And are to be liberally construed: Deere v. Chapman, 25 Ill. 610: Good v. Fogg, 61 Ill. 450; Connaughton v. Sands, 32 Wis. 387; Kuntz v. Kinney, et al. 33 Wis. 570.

The *lex loci* should govern: Bradshaw v. Newman Breese, 133; Stacey v. Baker, 1 Scam. 417; Phinney v. Baldwin, 16 Ill. 108; Adams v. Robertson, 37 Ill. 45; Roundtree v. Baker, 52 Ill. 421; Story on Conflict of Laws, § 29; Drake on attachment, § 462.

The plea of action pending in this State was properly held bad in the suit in Wisconsin: McJilton v. Love, 13 Ill. 486; Allen et al. v. Watt. 69 Ill. 655.

But that suit having proceeded to judgment, and the judgment having been paid before the trial in this case, it was a complete bar to a recovery here: Lawrence v. Lane, 4 Gilm. 354; Allen et al. v. Watt. 79 Ill. 284.

A statute of this State exempts the proceeds of insurance on the homestead, but this statute only followed the law, as it had been declared, where there were no such statutes: Stebbins v. Peeler, 29 Vt. 289; Keyes v. Rhines, 37 Vt. 263; Mitchell v. Milhoan, 11 Kan. 617; Houghton v. Lee, 50 Cal. 101; Tillotson v. Wolcott, 48 N. Y. 190; Cooney v. Cooney, 65 Barb. 524; Andrews v. Rowan, 28 How. 126.

PLEASANTS, J.   This case is submitted upon a stipulation as to the facts, which, in substance, are: That appellee is incorporated under the laws of Rhode Island, but had established an agency and was doing business in the State under the provisions of the statute.   It had an agency in Wisconsin also, from which it issued a policy to Miles McMahon, a resident of that State, upon his homestead there situate, and which was afterwards wholly destroyed by fire.

Appellants, in an action in the Superior Court of Cook county, by attachment, in which appellee was duly garnisheed, obtained judgment against him by default for $355.80.   To interrogatories therein filed the garnishee answered that it was indebted to said McMahon, upon the policy so issued to him, in

the sum of $1,250; but that by the laws of Wisconsin his home-stead and the proceeds of any policy of insurance upon the same were exempt from levy and sale under any execution, attachment or other legal process against him.    Exceptions to the answer were overruled, and issue was then taken upon it.

On the trial, which was before the Court without a jury, the evidence fully sustained the allegations of the answer, and showed further, that since the institution of this suit McMahon had brought an action against appellee upon the policy, in a court of competent jurisdiction in Wisconsin, in which the defense of the pendency of this proceeding, duly interposed, was overruled by said court; and there being no further defense, a judgment was entered against appellee, defendant therein, for the full amount of said policy and costs, which it had paid.    It also appeared that McMahon had other insurance upon the same property, from which he had received the sum of eight hundred and fifty dollars.

Upon these facts the Superior Court found for the appellee, and entered judgment against appellants for the costs.

In support of this judgment it is urged that appellee in this case was not liable to garnishment here, for two reasons: first, because it is incorporated under the laws of Rhode Island, and the contract upon which it was indebted to McMahon was made and payable in Wisconsin; second, that the exemption law of that State entered into and formed part of the contract, and being valid there must be binding everywhere.

Whether consistently with general principles or not, it seems to be settled that in this proceeding the debt as well as other personal property to be attached is regarded as having locality; that the *situs* of the debt is where the debtor resides, or where his contract requires him to pay it; and that of other personal property is where he resides, or where he is so bound to deliver it, or where he actually has it in his hands or under his control; and upon this turns the question of jurisdiction.    Hence, the rule is that the process will not lie against a party, whether a natural person or a corporation, who neither resides, nor has in his hands property of the defendant, nor is bound to pay him money or deliver him property, within the State where it is

issued.    Drake on Attachment (5th Ed.), § 474 and cases cited in the notes.    But all these conditions must concur to exempt him.    Id. §§ 477-8-9.

This court held in the Pennsylvania Co. v. Sloan, 1 Bradwell, 364, in supposed accordance with the views of the Supreme Court in C. D. & V. R. R. Co. v. The B'k of N. America, 82 Ill. 495, and with the weight and tendency of authority elsewhere, that a corporation, under whatsoever law incorporated or organized, is a resident for all purposes of suit wherever by authority of the local law it exercises its corporate powers and functions.    Appellee, then, having chosen to avail itself of the privilege offered by our statute by establishing an agency and doing business here, was a resident of this State.    Under the rule, therefore, it was liable here as garnishee of its non-resident creditors; and so in several of the States it has been expressly held.    Fithian v. The N. Y. & Erie R. R. Co. 31 Penn. State, 114; McAllister v. The Penn. Ins. Co. 28 Mo. 214; Brauser v. The New England F. I. Co. 21 Wis. 506.

Being a resident here in contemplation of law the debt it owed was here.    It would therefore be strange if the Legislature of Wisconsin could exempt it from the operation of the attachment law of Illinois.    We think this question is directly decided in The Mineral Point R. R. Co. v. Barron, 83 Ill. 367. In that case the principal defendant and the garnishee were residents of Wisconsin; the contract between them was made and to be performed there, and the debt was exempt from attachment by the law of that State; but the Supreme Court held it liable here, and that the exemption law could have no force without the State.

We consider it immaterial in this case that the principal defendant recovered a judgment in Wisconsin against appellee for the same indebtedness here attached and notwithstanding the pendency of this proceeding was there interposed as a defense.    The lien had attached upon it here by due service upon appellee before that suit was instituted; and we may further remark that while the pendency of another suit between the same parties for the same cause of action in another State is not a defense, yet it seems that the pendency of an attachment

in another State for the debt sued for stands upon different grounds and is pleadable in abatement. Embree v. Hanna, 5 Johns. 101; Brook v. Smith, 1 Salk. 280; Wheeler v. Raymond, 8 Cow. 315, note (a); and numerous cases cited in note to Andrews v. Herriot, 4 Cow. on p. 521.

For the reasons above given, we think the judgment óf the Superior Court was erroneous. It is therefore reversed and the cause remanded.

*Reversed and remanded.*