LYMAN M. COUSENS, and another, *vs.* GEORGE E. LOVEJOY, and the ROYAL INSURANCE COMPANY, of Liverpool, England, trustee.

Washington.    Opinion April 15, 1889.

*Trustee Process.    Foreign Corporations.    Non-resident Debtor.    Jurisdiction.*
*R. S., c. 86, § 8.*

This court has jurisdiction over the property of a non-resident defendant, in the possession of his trustee transacting business in this state, through duly authorized agents, notwithstanding such trustee is a foreign corporation.

*Lovejoy* v. *Albee*, 33 Maine, 414; *Columbus Ins. Co.* v. *Eaton*, 35 Maine, 391; and *Smith* v. *Eaton*, 36 Maine, 298, distinguished.

A state may permit foreign corporations to transact business within its limits upon such terms and conditions as it may prescribe, not inconsistent with the constitution and laws of the United States.

In exercising this privilege, granted by the state, they subject themselves to the provisions of existing law.

The court may have jurisdiction over the property of a non-resident defendant, though not over his person.

Such jurisdiction will be sustained if goods, effects or credits of a defendant, though a non-resident, are found within the state, and being found are attached.

Attachment, to give jurisdiction, may be made upon trustee process, as well as in other cases where his property is attached.

ON EXCEPTIONS, by plaintiffs to the *pro forma* ruling of the presiding justice, discharging the trustee who made a disclosure, and upon which arose the question of jurisdiction of the court over the property of the defendant, no service having been made upon him.

Besides the facts stated in the opinion, it appeared that on September 13, 1867, the insurance company by its agents, Downes and Curran, at Calais, Maine, issued a policy of fire insurance to the principal defendant, for $1000, upon his stock of goods situate at Milltown, New Brunswick. About December 23, 1887 the goods were damaged by fire to an amount exceeding the sum insured by the policy. The defendant, Lovejoy, at Calais, presented his proof of loss to said agents, which was forwarded to the general agents for New England, at Boston, who on January 11, 1888 sent to said Downes and Curran, as agents of said company, a check for the amount of the policy, payable to the order of said Lovejoy. This check was in the hands of the agents of the insurance company, at the time of the service upon them of the writ. It also appeared that, at the time of the service of the writ upon the insurance company, there was a sum of money belonging to it, in their agents' hands, at Calais, admitted to be not less than one thousand dollars,—its annual receipts being about $60,000 which were paid over to the Boston agency at the end of each month.

*Edgar Whidden,* for plaintiffs.

State may impose such conditions as it chooses upon foreign corporations, seeking the privilege of doing business within its

limits. *R. R. Co.* v. *Koontz*, 104 U. S. 643, and cases there cited. *Hobbs* v. *Ins. Co.*, 56 Maine, 417, 421.

Foreign corporations subject to trustee process, same as domestic corporations. R. S., c. 86, § 8. Mass. statute, under which *Danforth* v. *Penny*, 3 Met. 564, and other early cases were decided, different from ours.

*Lovejoy* v. *Albee*, 33 Maine, 414, and *Smith* v. *Eaton*, 36 Id. 298, should have no effect on this case. They apply to persons, and not corporations. The act of the agent of a person is constructively that of his principal, that of the corporation's agent is the act of the corporation itself. *Pettengill* v. *R. R. Co.*, 51 Maine, 370, 373.

Upon principles of estoppel, foreign corporation precluded from denying jurisdiction of court. *Merch. Man. Co.* v. *R. R. Co.*, 13 Fed. Rep. 358, and cases cited. This corporation became a resident for all purposes of suit, and liable as garnishee of its non-resident creditors. *Roche* v. *Ins. Co.*, 2 Brad. 360; *Libbey* v. *Hodgdon*, 9 N. H. 394. Service on agent sufficient. *Hobbs* v. *Ins. Co.*, *supra*.

Check in favor of defendant not delivered; indebtedness of company to him still exists.

Contract made in this state; *lex loci contractus* prevails.

Whatever constitutes a good defense, by the law of the place where the contract is made, or is to be performed, is equally good in every other place where the question may be litigated. 2 Kent. Com. 459; Story Conflict Laws, § 331; *Walker* v. *Whitehead*, 16 Wall. 314.

Judgment against trustee operates as a discharge from the demand of the principal defendant. R. S., c. 86, § 76.

*Harvey and Gardner*, for trustee.

The form of indebtedness was negotiable paper, and is excepted from trustee process. R. S., c. 86, § 55, clause 1.

Court has not jurisdiction of the debt under the facts, that it can transfer it from principal defendant to the plaintiffs, in these proceedings.

Statutes do not affect the status of debts of foreign corporations,

due parties out of the state, so as to make them attachable here. *Tingley* v. *Bateman*, 10 Mass. 343.

As to the practical difficulties of enforcing judgments, if the debtor was a resident, see *Eddy* v. *O'Hara*, 132 Mass. 56; *Kidder* v. *Packard*, 13 Mass. 80.

The principal defendant and trustee are both foreign parties. No service has been effected on defendant. Case precisely within the principle of *Lovejoy* v. *Albee*, 33 Maine, 414, and *Smith* v. *Eaton*, 36 Id. 298. "No judgment can be rendered against one as trustee, at common law, or under statutes, if neither he nor the principal defendant resides within the jurisdiction, and if no tangible property of the defendant has been found and attached here." Per SHEPLEY, C. J.

The debt due between these parties, out of the United States, is beyond the reach of the legislature and the court. The courts of their domicile, by no stretch of courtesy, could be expected to recognize a judgment, rendered against their citizens, by a court that never had their persons or property within its jurisdiction. Judgments of sister states, under constitutional provisions, are. different. *Parker* v. *Danforth*, 15 Pick. 302.

Not a question of jurisdiction over insurance company and its property, but over property of a citizen of New Brunswick, in a debt due from a London insurance company. Trustee process fails to bring, under the jurisdictional power of the court, the intangible right of action of a foreign resident, against foreign trustee.

This proceeding is purely *in rem*, there being no personal service on defendant; the attachment or arrest of the debt, due from one non-resident to another, in legal contemplation, does not bring it within the state, and so subject to attachment. *Tingley* v. *Bateman*, *supra*.

Counsel also cited: *Gold* v. *R. R. Co.*, 1 Gray, 424; *Mahoney* v. *R. R. Co.*, 21 Fed. Rep. 817; *R. R. Co.* v. *Bunker*, 32 Id. 849; *Ray* v. *Underwood*, 3 Pick. 302; *Hart* v. *Anthony*, 15 Pick. 445; *Danforth* v. *Penny*, 3 Met. 564; *Nye* v. *Liscombe*, 21 Pick. 263.

*Plaintiffs in reply.*

Legislature intended to make foreign corporations liable to

trustee process, same as are domestic corporations. Statute is clear and explicit; is to receive such construction as intended by the legislature, and according to its plain import. *Winslow* v. *Kimball*, 25 Maine, 493; *Ingalls* v. *Cole*, 47 Id. 530.

Statute is constitutional. (Art. 4, Part 3, § 1, Const. of Maine.) Whether it is reasonable, and for the benefit of the people, is for the legislature alone to determine. *Moor* v. *Veazie*, 32 Maine, 343.

FOSTER, J. The plaintiffs, residing in Maine, have brought this suit against the defendant, a resident of the province of New Brunswick, and summoned the Royal Insurance Company, a foreign corporation, as trustee. This corporation was organized under the laws of England and has its head office at Liverpool. Its managers for New England are Scull & Bradley of Boston, and its agents duly appointed for this state are Downes & Curran of Calais, at which place it does a fire insurance business under a license from the insurance commissioner of Maine.

This trustee, through its agents in this state upon whom service of the writ was made, has disclosed an indebtedness of $1000, due from it to the principal defendant which was in the hands and possession of these agents, at the time of the service of the writ upon them.

No service has yet been made upon the principal defendant.

The question presented is in relation to the jurisdiction of this court, over the property of the defendant in the possession of the trustee, through its duly authorized agents transacting business in this state.

It is insisted in defense, that inasmuch as the principal defendant is not a resident of this state, and the corporation summoned as trustee is a foreign corporation, this court has no jurisdiction of the parties or the subject matter of the suit.

In support of this proposition reliance is placed upon the decisions of our court in *Lovejoy* v. *Albee*, 33 Maine, 414; *Columbus Ins. Co.* v. *Eaton*, 35 Maine, 391; and *Smith* v. *Eaton*, 36 Maine, 298, the doctrine of which is, that no judgment can be rendered against one as trustee if neither he nor the principal defendant resides within the jurisdiction, and if no tangible property of the

defendant be found here.　Also the earlier decisions in Massachusetts, *Tingley* v. *Bateman*, 10 Mass. 343; *Ray* v. *Underwood*, 3 Pick. 302; *Hart* v. *Anthony*, 15 Pick. 445, and *Nye* v. *Liscombe*, 21 Pick. 263, which hold that service of trustee process upon a non-resident party does not subject such party to the jurisdiction of the court, for the purpose of charging the property or funds in his hands.

The principle upon which these decisions are based is, that the presence of the alleged trustee within the jurisdiction was only temporary, and, as stated by the court in the early case of *Tingley* v. *Bateman*, *supra*, the property of the defendant possessed by the trustee is, "to be considered for this purpose as local, and remaining at the residence of the debtor or person intrusted for the principal; and his rights, in this respect, are not to be considered as following the debtor to any place where he may be transiently found, to be there taken at the will of a third person, within a jurisdiction where neither the original creditor nor debtor resides."

It will be noticed that in the decisions to which we have referred from our own court, it was not the fact alone that both principal defendant and trustee were non-residents, which deprived the court of jurisdiction, but that fact taken in connection with the very important element that no property of the defendant was "found within the state and attached in some form." *Lovejoy* v. *Albee*, 33 Maine, 414, 418.

For many years, both in this state and in Massachusetts, corporations were not subject to trustee process.　And after the statute, authorizing corporations to be summoned as trustees, the same principle was held to apply to foreign corporations as to individual non-residents, and consequently in *Danforth* v. *Penny*, 3 Met. 564; *Gold* v. *Housatonic Railroad*, 1 Gray, 424, and *Larkin* v. *Wilson*, 106 Mass. 120, the court held that a foreign corporation having no goods, effects or credits within the state was not liable to be summoned as a trustee, though some of its officers resided within the state and its books and records were kept there.　The object of the statute, in both states, seems to have been to place corporations upon the same footing in relation to

trustee process as individuals. As said by Shaw, C. J., in *Gold* v. *Housatonic Railroad, supra:* "The statute in question was only an extension of an existing system. It was intended, we think, to put corporations on the same ground as individuals. And it is well settled that an individual, an inhabitant of another state, is not chargeable by the trustee process, although found in this commonwealth, and here served with process."

It was in this condition of the law that the foregoing decisions were rendered.

Since then, however, the statute not only in Massachusetts (1870, c. 194) but in this state has been materially changed, so that while heretofore only domestic corporations were liable to trustee process, the same as individuals resident in the state, now by Pub. Laws of 1877, c. 153,—R. S., c. 86, § 8,—"All domestic corporations, and all foreign or alien companies or corporations established by the laws of any other state or country, and having a place of business, or doing business within this state, may be summoned as trustees," etc.

A state may permit foreign corporations to transact business within its limits upon such terms and conditions as it may prescribe, not inconsistent with the constitution and laws of the United States; and in exercising this privilege granted by the state they subject themselves to the provisions of existing law.

So far as appertains to the present case the Royal Insurance Company was "doing business within this state;" and in the exercise of this privilege it has subjected itself to the provision of this statute, and is liable to be summoned as trustee. As laid down by the court in *Attorney Gen.* v. *Bay State Mining Co.*, 99 Mass. 148, 153: "A corporation which seeks, by its agents, to establish a domicil of business in a state other than that of its creation, must take that domicil as individuals are always understood to do, subject to the responsibilities and burdens imposed by the laws which it finds in force there."

The exemption from trustee process on account of non-residence is not to be pushed beyond the reason of the rule, which rests upon the idea that the property or debt sought to be reached is without the jurisdiction of the court, and for that reason incapable

of being subjected to its process. It was upon this doctrine that the decisions in *Lovejoy* v. *Albee, supra; Columbus Ins. Co.* v. *Eaton, supra;* and *Smith* v. *Eaton, supra,* were founded. The alleged trustees were non-resident individuals temporarily within the jurisdiction. The trustee was sought to be held under that provision of the statute which provides that, "A person summoned as trustee may be adjudged trustee by the court, although he was not then, and never had been an inhabitant of the state." R. S., c. 86, § 13.

It was that provision upon which the decision of the court was based; and it was there held that the purpose of that provision "appears to have been to provide a remedy in a case, where a person at no time a resident within the state was indebted to, or had property belonging to a person *resident or found within the state.*" The court, therefore, obtained, "no jurisdiction to render a judgment against the principal defendant by his being a citizen or resident, or found within this state, or by his having any property found within it."

The statute under consideration is that in reference to foreign corporations having a place of business, or doing business within this state, in which it is expressly provided that in such case they may be summoned as trustees. In the present case the trustee is a foreign corporation having a place of business and transacting business within this state, and possessing property here belonging to the principal defendant.

Herein the decisions to which we have referred differ from the case at bar.

The property of the defendant in the possession of the trustee is within our jurisdiction. Our laws recognize its attachment in the hands of the trustee. We have jurisdiction over the property of the defendant, though not over his person. It is in the nature of a proceeding *in rem*. The jurisdiction of this court is to be sustained if goods, estate, effects or credits of a defendant, though a non-resident, are found within the state, and being found are attached. Property of the defendant and its attachment are prerequisites to jurisdiction where the defendant is a non-resident. Where there is no attachment, no valid judgment can be rendered. *Cassity* v. *Cota,* 54 Maine, 380; *Bruce* v. *Cloutman,* 45 N. H. 37.

In this form of process the statute *in* reference to *trustee* process, c. 86, § 2, authorizes "an attachment of goods and estate of the principal defendant in his own hands, and in the hands of the trustees," and by § 4, "service on the trustee binds all goods, effects or credits of the principal defendant * * * as when attached by ordinary process."

Under a statute like ours, the court in New Hampshire has held that an action may be commenced against a non-resident defendant by the attachment of his property in the hands of his trustee; and that it is an attachment of the principal debtor's property, so far as to bring the case within the provisions of the statute, which provides for proceedings against non-resident defendants when their property has been attached in the state. *King* v. *Holmes*, 27 N. H. 266; *Young* v. *Ross*, 31 N. H. 201, 205; *Bufford* v. *Sides*, 42 N. H. 495, 505.

Our own statute, c. 86, § 7, provides that, "when the principal is out of the state, at the time of the service, and has no agent therein, notice shall be given as provided in § 21, of c. 81; or proceedings may be had as provided in § 3, of c. 82, unless in the meantime he comes into the state before the sitting of the court," etc.

If there was any question as to whether this statute applies to cases where the principal defendant is a non-resident, as in the case now under consideration, it will be found that this court has so construed it in the case of *Lovejoy* v. *Albee, supra.* This section of the statute, observes the court, has, "reference to cases, in which a defendant having a residence within the state, is absent from it at the time of service without having a last and usual place of abode or an agent within the state; and also to cases, in which a suit has been commenced against a person not resident or found within the state, whose property has been found within the state *and attached in some form*."

That such is the proper construction of the statute, and that suit may be commenced against a non-resident defendant by trustee process, as well as in other cases where his property is attached is implied by the early decisions in Massachusetts, and by more recent ones in this state. *Gardner* v. *Barker*, 12 Mass. 36; *Jacobs* v. *Mellen*, 14 Mass. 132; *Cassity* v. *Cota*, 54 Maine, 380.

In the former of. these cases, and also in *Cassity* v. *Cota*, it was held, that if upon the disclosure of the trustee, where the principal defendant was a non-resident and had not been notified, it should appear that there was no property in his hands belonging to the principal, the suit would be dismissed,—which was in effect saying, that had there been property, it would have been a good commencement of the action, and the court would have had jurisdiction over it.

As we have before remarked, the property of the defendant has been found within the state ; it has been attached in the hands of the trustee,—an attachment not only authorized by statute, but an attachment "in some form" sufficient to give jurisdiction over it, as remarked by the court in *Lovejoy* v. *Albee, supra.* "Upon this principle, then," as was said by the court in *Young* v. *Ross, supra,* "that where an attachment is made, the court obtains jurisdiction and service may afterwards be completed and judgment obtained, it would seem that the trustee in this case must be held. The property was attached in his hands, while in his possession, in this state. If he had not had the property with him, but had left it at his residence in Maine, it could not be said that it was attached here; but having it with him, we see no reason why it might not be attached in this way, as well as if it had been visible personal property of the defendant, and taken by the officer."

Since the amendment of the statute in Massachusetts, authorizing foreign corporations to be summoned as trustees, the court in that state has had occasion to review the earlier decisions in reference to non-resident trustees, and in the course of the opinion the court says : "If a corporation may be sued in a state where it has a usual place of business, or where it has property subject to attachment, there is no reason why it may not be summoned as trustee ; and if such trustee is charged, we must presume that the judgment will protect it in other states as well as in Massachusetts, if it should hereafter be sued by the creditor for whom it is summoned as trustee," and the authorities are there cited in support of that doctrine. *National Bank of Commerce* v. *Huntington*, 129 Mass. 444, 450.

The ruling of the court at *nisi prius* that the trustee is not chargeable, was only *pro forma*, and we think the entry should be

*Exceptions sustained.    Trustee charged.*
*for $1000, the amount disclosed.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.