### MOSHASSUCK FELT MILL *vs.* CHARLES L. BLANDING.

Under Pub. Laws R. I. cap. 432, of May 2, 1884, which requires foreign insurance companies, before doing business in Rhode Island, to make the insurance commissioner of this State their attorney to receive service of any lawful process, a foreign insurance company may be charged as garnishee on process of garnishment served on the insurance commissioner.

In the case at bar the debt of the garnishee to the principal defendant was contracted in this State, and, no other place of payment being specified, was regarded as payable here.

ASSUMPSIT. On motion to charge the garnishee.

In this case judgment was given for the plaintiff for $907.38 and costs, and the case came again before the court on the question of the garnishee's liability.

*February* 28, 1891., PER CURIAM. This case is before us now on the question whether the British American Assurance Company, an insurance corporation established in Toronto, Canada, and doing business in this State as the United States Branch of the British American Assurance Company of Toronto, Canada, is chargeable as garnishee. The writ was served under Pub. Laws R. I. cap. 432, of May 2, 1884, on Almon K. Goodwin, insurance commissioner of the State, as the agent of said company, by way of garnishment, for the purpose of attaching the personal estate of the defendant in the hands or possession of said corporation. Said Goodwin made affidavit in behalf of the company, admitting that the corporation was indebted to the defendant on a policy of insurance for $1,500, issued by said company, by its agent in this

State, on stock and supplies situated in a store at the Manchester Print Works, so called, in the town of Lincoln in this State, which property was destroyed by fire. The validity of the attachment is contested on two grounds.

The *first* is, that the company is not liable to garnishment under said chapter 432. Said chapter provides that no insurance company, not incorporated under the authority of this State, shall, directly or indirectly, issue policies, take risks, or transact business in this State, until it shall have first appointed in writing the insurance commissioner of this State to be the true and lawful attorney of such company in and for this State, upon whom all lawful process in any action or proceeding against the company may be served with the same effect as if the company existed in this State, and further requires that said power of attorney shall stipulate on the part of the company that any lawful process against it served on said attorney shall have the same legal force and effect as if served on the company. The contention is, that this provision only authorizes the service of process in actions or proceedings which are instituted directly against the company. We think that this is too strict a construction. Service by garnishment is, in our opinion, a proceeding against the garnishee within the meaning of the provision, since the effect of it is either to oblige the garnishee to come in and make affidavit upon which, if funds be disclosed, the garnishee will be charged, the charge amounting to a judgment against it, or to have judgment entered against it for the full amount of the judgment against the debtor by way of default.

Said chapter 432 was enacted to take the place of Pub. Stat. R. I. cap. 127. Our attention is directed to the second section of the last named chapter, which, in providing for the service of process against foreign insurance companies, adds after the word "process" the words "including the process of garnishment." It is contended that the omission of these words in the present chapter shows that the process by garnishment was not intended to be included. We think, however, that it can be argued with as much, if not more, force, that these words were omitted because they were supposed to be included in the word "process," and, therefore, unnecessary.

The *second* ground is, that as no place is named in the policy as the place at which payment should be made in case of loss, the

money due from the garnishee to the defendant is payable at Toronto, Canada, where the corporation is established, and that, therefore, the court, by garnishment, has acquired no jurisdiction over it, and cannot charge the garnishee on account of it. There is much force in this contention, and there are many cases which sustain such a view where there is no statute providing for the service of process on foreign corporations; but in States where such service is provided for, the jurisdiction, so far as we are aware, has been uniformly asserted. *Fithian* v. *New York & Erie R. R. Co.* 31 Pa. St. 114; *Barr* v. *King*, 96 Pa. St. 485; *Roche* v. *Rhode Island Insur. Association*, 2 Ill. App. 360; *Selma, Rome & Dalton R. R. Co.* v. *Tyson*, 48 Ga. 351; *McAllister* v. *Pennsylvania Insur. Co.* 28 Mo. 214; *Nat. Bank of Commerce* v. *Huntington*, 129 Mass. 444; *Cousens* v. *Lovejoy*, 81 Me. 467. In *Roche* v. *Rhode Island Insur. Association, supra,* it was held by the Appellate Court of Illinois, that in such case the foreign corporation becomes for all purposes of suit a resident corporation, and that the debt due from such corporation, though payable elsewhere by the terms of the contract under which it fell due, was, nevertheless, subject to garnishment in that State. It is not necessary to go so far as that in this case, for here the debt was contracted in this State by the agent of the company in its behalf, and, considering the law under which the corporation does business in this State, it may very well be regarded as payable here, no other place of payment being stipulated.

We therefore decide that the garnishee is chargeable.

*William W. Blodgett & Edward W. Blodgett*, for plaintiff.

*Edwin C. Pierce*, for garnishee.