MOONEY et al. v. BUFORD & GEORGE MANUF'G CO. et al.

(Circuit Court of Appeals, Seventh Circuit.   February 8, 1896.)

No. 250.

1. FOREIGN INSURANCE COMPANIES—SERVICE OF PROCESS—JURISDICTION.
    The Indiana statute of 1883 makes it unlawful for any foreign insurance company to do business in that state until it has filed with the auditor of state a copy of a resolution of its directors consenting that, "in any suit against the company," process may be served on any of its agents in the state, "with like effect as if such company was chartered, organized' or incorporated in the state," and further agreeing that such service may be made "while any liability remains outstanding against such company in the state." Burns' Rev. St. Ind. 1894, § 4916.   *Held*, that a foreign insurance company which has complied with these requirements may be validly served, in the manner above prescribed, not only in suits upon obligations arising out of business done within the state, but in suits upon contracts of insurance made and payable in other states. Rehm v. Saving Inst., 25 N. E. 173, 125 Ind. 135, distinguished.

2. GARNISHMENT PROCESS—JURISDICTION.
    In garnishment proceedings against a debtor of a defendant who cannot be personally served, because he resides out of the state, the jurisdiction of the court does not depend upon the situs of the debt, but upon the control which is obtained over the debtor by means of due process, duly served.

3. SAME.
    Where the principal debtor is a citizen of another state, a valid judgment may, by garnishment proceedings, be obtained against a foreign insurance company indebted to him, when, by the laws of the state and by its own consent, such company has become subject to service of process in the state "with like effect" as if it had been incorporated therein.

In Error to the Circuit Court of the United States for the District of Indiana.

This is an action of attachment and garnishment, commenced in the superior court of Marion county, and transferred thence to the court below upon the petition of the Buford Manufacturing Company, the alleged debtor in the case.   The plaintiffs in error, who brought the action, are residents and citizens of Indiana, doing business under the firm name of W. W. Mooney & Sons.   They alleged, as their cause of action, a contract liability of the Buford & George Manufacturing Company, a corporation of Missouri, located and doing business at Kansas City, and that the London Assurance Corporation and the Queen Insurance Company, each of which is a foreign corporation authorized to do and doing business in Indiana, are each indebted to the Buford & George Manufacturing Company in a sum exceeding their demand.   No question is made of the sufficiency of the complaint, or of the affidavit in attachment and garnishment.   A summons in the ordinary form was issued and served, as shown by affidavit, upon the Buford & George Manufacturing Company by delivering a copy, and by reading the same, to the secretary and president of the company, at Kansas City, on the 8th of August, 1894.   The ordinary process in garnishment was issued and served July 26, 1894, upon the London Assurance Corporation, by reading to its agents, named, and upon the Queen Insurance Company by reading to a solicitor, named, of its agents, named, in Marion county, Ind.   After the transfer of the case, the service upon the Queen Insurance Company was set aside, on motion.   The other defendants, the Buford & George Manufacturing Company and the London Assurance Corporation, each filed a plea to the jurisdiction, to the effect that the liability of the latter company to the

former grew out of insurance written by the latter in Missouri upon property of the former in Missouri, and in no sense out of any transaction had or contract made in Indiana. The court overruled demurrers to these pleas, and, the plaintiff choosing to abide the ruling, ordered the cause abated and stricken from the docket. Error is assigned upon each ruling.

The following statutory provisions bear more or less directly upon the question; the numbers given of sections referring to Burns' Indiana Statutes, Revision of 1894, and, in parenthesis, to the Revision of 1881: Section 310 (309): "When a corporation, company, or individual has an office or agency in any county for the transaction of business, any action growing out of, or connected with the business of such office may be brought in the county where the office or agency is located, at the option of the plaintiff, as though the principal resided therein; and service upon any agent or clerk employed in the office or agency shall be sufficient," etc. This has been held to be applicable when the defendants are nonresidents of the state. Rauber v. Whitney, 125 Ind. 216, 25 N. E. 186. Section 318 (316) provides that process against a domestic or foreign corporation may be served upon certain officers or agents: "Provided, however, that process shall not be served upon any such person, officer, or agent when he is plaintiff in the suit; but in such case process shall be served upon some other such person, officer, or agent of the corporation than such plaintiff; and in case the defendant be a foreign corporation, having no such person, officer, or agent, resident in the state, service may be made in the same manner as against other non-residents." Section 320 (318) provides for notice by publication in a variety of cases, and, among them, "where the defendant is a non-resident of the state and  *  *  *  the object of the action is  '*  *  ,*  to enforce the collection of any demand by proceedings in garnishment or attachment." Section 321 (319): "When the defendant is a non-resident, personal service of the summons out of the state is equivalent to publication." Sections 970 (958), 971 (959), and 972 (960) protect personal earnings or wages, in certain cases, from seizure in any action of attachment, garnishment, or supplementary proceedings. By sections 3453 (3022) and 3454 (3023), enacted in 1852, agents of foreign corporations were required, before entering upon the duties of their agency in this state, to deposit in the clerk's office of the county where they proposed doing business an order or resolution "authorizing citizens or residents of this state having a claim or demand against such corporation arising out of any transaction in this state with such agents, to sue for and maintain an action in respect to the same in any court of this state of competent jurisdiction, and further authorizing service of process in such action on such agent to be valid service on such corporation, and that such service shall authorize judgment and all other proceedings against such corporation." By the act of 1877, § 4915 (3765), it is required that authority be given the agent of a foreign insurance company "to acknowledge service of process for and in behalf of such company, consenting that service of process upon such agent shall be taken and held to be as valid as if served upon the company according to the laws of this state, and waiving all claim of error by reason of such service." The last enactment on the subject, passed in 1883, provides: 4916 (1): "That it shall not be lawful for any insurance company chartered, organized or incorporated in any other state or nation to do business in the state of Indiana, until such company shall file with the auditor of state a certified copy of a vote or resolution of the board of directors of such company consenting that service of process in any suit against such company may be served upon any authorized agent of such company in the state of Indiana, with like effect as if such company was chartered, organized or incorporated in the state of Indiana, and agreeing that any process served upon such agent shall be of the same legal force and validity as if served upon said company, and agreeing that such service may be so made, with such effect, while any liability remains outstanding against such company in this state, and agreeing, further, that if at any time there shall be no authorized agent of such company in the county where any suit shall be brought, service may thereafter be made upon the auditor of the state of Indiana, with such effect as if made upon an authorized agent of such company."

4917 (2): "Service of process in any action against any insurance company not having an agent in that county where any suit shall be brought, shall be made upon the auditor of state by duplicate copy, and such service shall be deemed in all respects the same as if such company was chartered, organized or incorporated in the state of Indiana."

The argument for the defendants in error is based upon three propositions, and authorities cited in support of them, as follows: (1) "Both the defendant and the insurance company, the garnishee, were nonresidents of Indiana, and the court had no jurisdiction of the person of the defendant; and the debt from the insurance company to defendant was not contracted or payable in Indiana. Under this state of facts, the debt to defendant was not attached in Indiana, and therefore the court acquired no jurisdiction." Everett v. Walker (Colo. App.) 36 Pac. 616; Railroad Co. v. Maggard (Colo. App.) 39 Pac. 985; Williams v. Ingersoll, 89 N. Y. 508; Douglass v. Insurance Co., 138 N. Y. 209, 33 N. E. 938; Renier v. Hurlbut, 81 Wis. 24, 50 N. W. 783; Railway Co. v. Sharitt, 43 Kan. 375, 23 Pac. 430; Bowen v. Pope, 125 Ill. 28, 17 N. E. 64; Haggerty v. Ward, 25 Tex. 144; Insurance Co. v. Hettler (Neb.) 56 N. W. 711; Railroad Co. v. Dooley, 78 Ala. 524; Lawrence v. Smith, 45 N. H. 533; Sawyer v. Thompson, 24 N. H. 510; Green v. Bank, 25 Conn. 452; Myer v. Insurance Co., 40 Md. 595; Straus v. Glycerine Co., 46 Hun, 216; Central Trust Co. v. Chattanooga, R. & C. R. Co., 68 Fed. 685. (2) "There is no statute of Indiana authorizing the service of process upon foreign insurance companies, except in transactions arising out of the business of such companies had with its agents in that state." Rev. St. 1894, §§ 310, 315, 3453, 4915, 4916 (Rev. St. 1881, §§ 309, 313, 3022, 3765); Insurance Co. v. Black, 80 Ind. 513; Finch v. Insurance Co., 87 Ind. 302; Rehm v. Saving Inst., 125 Ind. 138, 25 N. E. 173; Milwaukee Bridge & Iron Works v. Wayne County Circuit Judge, 73 Mich. 155, 41 N. W. 215; St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354. (3) "The defendant could not have maintained a suit against the insurance company on the policy of insurance in the courts of Indiana." 2 Beach, Priv. Corp. § 896; 2 Mor. Priv. Corp. §§ 976, 977; Insurance Co. v. French, 18 How. 404; Smith v. Insurance Co., 14 Allen, 336; Central Railroad & Banking Co. v. Georgia Const. & Invest. Co., 32 S. C. 319, 11 S. E. 192; Insurance Co. v. Black, 80 Ind. 513.

Per contra, the plaintiffs in error have cited, with others, the following: 8 Am. & Eng. Enc. Law, p. 1131; Neufelder v. Insurance Co. (Wash.) 33 Pac. 870; Dittenhoefer v. Clothing Co. (Wash.) 30 Pac. 660; Harvey v. Railway Co. (Minn.) 52 N. W. 905; Glover v. Wells, 40 Ill. App. 350; Railroad Co. v. Crane, 102 Ill. 249; McAllister v. Insurance Co., 28 Mo. 214; Connor v. Insurance Co., 28 Fed. 549; Newland v. Circuit Judge, 85 Mich. 151, 48 N. W. 544; Carson v. Railway Co., 88 Tenn. 646, 13 S. W. 588; Moshassuck Felt Mill v. Blanding, 17 R. I. 297, 21 Atl. 538; Railroad Co. v. Tyson, 48 Ga. 351; Bank v. Huntington, 129 Mass. 444; Cousens v. Lovejoy, 81 Me. 467, 17 Atl. 495; Roche v. Association, 2 Ill. App. 360; German-American Ins. Co. v. Chippewa Circuit Judge (Mich.) 63 N. W. 531; Burns v. Railroad Co., 113 Ind. 169, 15 N. E. 230; Railroad Co. v. McMullen, 117 Ind. 439, 20 N. E. 287; Dennick v. Railroad Co., 103 U. S. 11; Mohr & Mohr Distilling Co. v. Insurance Cos., 12 Fed. 474; Handy v. Insurance Co., 37 Ohio St. 366; Knott v. Insurance Co., 2 Woods, 479, Fed. Cas. No. 7,894; Runkle v. Insurance Co., 2 Fed. 9; Moch v. Insurance Co., 10 Fed. 696; Carstairs v. Insurance Co., 13 Fed. 823; Youmans v. Trust Co., 67 Fed. 283; Railroad Co. v. Estill, 147 U. S. 591, 13 Sup. Ct. 444; Insurance Co. v. Woodworth, 111 U. S. 138, 4 Sup. Ct. 364; Reyer v. Association (Mass.) 32 N. E. 469; Insurance Co. v. McLimans, 28 Neb. 653, 44 N. W. 991; McKenna v. Fisk, 1 How. 241; Bryant v. McClure, 44 Mo. App. 553; Johnston v. Insurance Co., 132 Mass. 432; Farmer v. Association (Sup.) 21 N. Y. Supp. 1056; South Pub. Co. v. Fire Ass'n of Philadelphia, Id. 675; Insurance Co. v. Chambers (N. J. Ch.) 32 Atl. 663.

F. M. Finch and John A. Finch, for plaintiffs in error.

H. O. McDougal and Frank P. Sebree, for defendants in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The first inquiry, in logical order, is whether, upon its obligation incurred in Missouri, the defendant in garnishment was suable in any form of action in Indiana. It is contended by the defendants in error that the statutes of Indiana authorize suits against foreign corporations, including insurance companies, only upon obligations arising out of business authorized to be done, and done, in that state; and, for support of the proposition, reference is made to Insurance Co. v. Black, 80 Ind. 513; Finch v. Insurance Co., 87 Ind. 302; and Rehm v. Saving Inst., 125 Ind. 135, 25 N. E. 173. The last case only need be considered, since the others were decided under the earlier statutes, without reference to the acts of 1877 and 1883. That suit, which was against the German Insurance Company, a corporation of Illinois, was brought in the superior court of Marion county, Ind., by parties residing there, who had been appointed the agents of the company for the state, and upon whom the company, in full compliance with the act of 1883 had consented that "process in any suit against such company" might be served "with like effect as if such company was chartered, organized or incorporated in the state of Indiana." The process in the case was served upon the auditor of state, and was, on motion, set aside. The court, after declaring that the statutory provisions which relate to foreign corporations in general, including section 316, Rev. St. 1881 (section 318, Rev. St. 1894) supra, "do not enter into the construction to be given to the act of 1883," and "have no application to such corporations as are under special regulations," says, among other things, "that the appellants were not deprived of the benefit of the provision in the act of 1883 authorizing service of process upon the auditor of state because they happened to be the agents of the appellee when they instituted their action, but their cause of action did not arise out of any business transaction within the purview of the statute. The business contemplated is such as an insurance company is authorized to transact after it has complied with the conditions imposed by the statute, and which is forbidden until such compliance. The business contemplated is that of insurance. That is the subject to which the statute relates. The statute contemplates a company having agents in the state, and relates to such business as they may do after the company has complied with its conditions. A compliance with the requirements of the statute, and the appointment of agents, are preliminary conditions to the business contemplated." The decision of the court—that, in the particular case, the nonresident company was not subject to process in the state—was, beyond question, correct, though it might better, as we think, have been put upon the ground that service upon the auditor was unauthorized, because, by the terms of the act of 1883, service may be so obtained only "if at any time there shall be no authorized agent in the county where any suit shall be brought." The plaintiffs were themselves such agents of the company, clothed with all the authority required by the statute, but, in their own suit against the

company, they could not have the summons served upon themselves; and it follows, as the court declared, that the action was "controlled by the rules of the common law, and could only be maintained in a forum within the place of the appellee's domicile." Upon the conditions shown, there was no authority for process, in the particular case, out of any other forum. But, if the decision be interpreted strictly according to the terms of the opinion delivered in support of it, it need not be construed to mean that foreign insurance companies, under the act of 1883, can be sued in Indiana only upon contracts made in Indiana by their agents located there. Such a construction would be too narrow to include all contracts of insurance with citizens of the state, and contracts executed out of the state and payable in the state. The expressions quoted from the opinion, even if they ought not to be restricted to the case before the court, mean, necessarily, no more than that an action against such a company can be brought in the state only upon a contract or liability for insurance. If, for the words "such" and "as," in the portion of the opinion quoted, the words "the" and "which" were substituted, it would be clear, perhaps, that such companies were intended to be subjected to the service of process in the state only in suits upon contracts of insurance made in the state. But that was certainly not the legislative purpose, and, for all that is to be found in this opinion, should not be attributed to the supreme court of the state. The earlier provisions quoted from the Indiana Code and statutes expressly limit the right to process against foreign corporations to suits arising out of transactions had in the state, and, from the mere omission of that limitation in the later enactments, there would arise a just inference that an enlargement of jurisdiction in this particular was intended; but the broad terms employed in the act of 1883, "process in any suit against such company may be served," etc., need not to be helped out by inference. The word "suit," as used in the twenty-fifth section of the judiciary act of 1789, was declared by Chief Justice Marshall, in Weston v. City Council, 2 Pet. 449, 464, to be "very comprehensive," and "understood to apply to any proceeding in a court of justice by which an individual pursues that remedy in a court of justice which the law affords him. The modes of proceeding may be various, but, if a right is litigated between parties in a court of justice, the proceeding by which the decision of the court is sought is a suit." There is no reason to be found in the context, or in the course of previous legislation in the state, or in considerations of policy, for believing that in the enactment before us the word was intended to be used in a more restricted sense. The process provided for in the act of 1877 is declared to be "as valid" as if served upon the company itself, but in order, apparently, to remove a remaining possibility of doubt, the more explicit and comprehensive terms of the act of 1883 were employed. Under a similar statute of Massachusetts, enacted in 1878, and of which the Indiana provision may be said to be a re-enactment with the construction which had been put upon it, it was held, in Johnston v. Insurance Co., 132 Mass. 432 (decided

as early as March, 1882), that a nonresident might maintain in the courts of the commonwealth an action against a foreign insurance company doing business in the state, upon a contract made, and the subject-matter of which was situated in, another state, although the only service of process was upon the insurance commissioner, as provided by the statute. We quote from the opinion:

"Whatever may be the limitations of this statute in respect to foreign insurance companies, after they have appeared in court in obedience to lawful process there can be no doubt that if they do business in this state, and have complied with the provisions of the statute, they are within the jurisdiction of our courts, and can be held to answer in suits upon contracts which are transitory in their nature, and which ordinarily may be enforced wherever the defendant may be found. The statute simply provides for service of process, which shall, by the consent of the company, have the same force and validity as if made on the company itself; and when the service is actually made the jurisdiction of the court is complete, as to the defendant. It relates merely to the service of process. It contains no restrictions on the company after it comes into court, and does not preclude it from removing the action to the United States courts. * * * The only question here is whether the law and practice of our courts, which enable a nonresident to sue, upon a debt contracted elsewhere, another nonresident, who may be found here, and on whom summons has been actually served, applies to this case. In other words, having summoned the defendant, a foreign insurance company, according to the provisions of the statute, will this court decline to take jurisdiction of an action to recover a sum of money alleged to be due the plaintiff, because the plaintiff is not a' resident of this state, and the contract was made, and the property to which it relates is situated, in another state? It is true, the statute does not, in express terms, provide for the maintenance of such an action; nor does it prohibit its maintenance. The statute was not framed for that purpose. Its object is simply to provide for serving upon such companies 'all lawful processes in any action or proceeding' against them. The words, 'all lawful processes in any action or proceeding,' must be held to include all actions which might lawfully be brought against a company thus having a domicile of business in this commonwealth. It is also true that the main purpose of the statute is to secure to our own citizens the benefit of our laws and tribunal in regard to contracts made with foreign insurance companies who do business in this state, and it contains particular provisions which clearly indicate this general purpose. But it is true of all our statutes, applicable to our own citizens, that their primary object is the benefit of our own citizens and the security and protection of their rights. We have, however, always extended the privileges of our laws to nonresidents, and opened our courts to their litigation, if the defendant can be found here. Anc. Chart. 91, 192. And it was said by Chief Justice Chapman, in delivering the judgment in Roberts v. Knights, 7 Allen, 449, 'It is consonant to natural right and justice that the courts of every civilized country should be open to hear the causes of all parties who may be resident for the time being within its limits.' While, under our decisions, this plaintiff would be entitled to maintain an action of a transitory nature, upon a contract made in another state, against an alien temporarily residing here, we cannot deny to him a like privilege against a foreign corporation doing business here, and which has complied with those express provisions of law whereby all lawful processes may be served upon it with the same effect as if the company existed in this commonwealth."

And in Wilson v. Fire-Alarm Co., 149 Mass. 24, 20 N. E. 318, it is said:

"There is no doubt, under the agreement made by the corporation, in accordance with this statute, for the purpose of enabling it to do business within the commonwealth, that, 'so long as any liability remains outstanding against the company in this commonwealth,' the service made in this

cause is sufficient to enable the court to render a personal judgment against the company, which would be held valid in other jurisdictions as well as in this. Insurance Co. v. French, 18 How. 404; Ex Parte Schollenberger, 96 U. S. 369; St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354; Bank v. Huntington, 129 Mass. 444; Johnston v. Insurance Co., 132 Mass. 432."

The clause in the Indiana statute, "while any liability remains outstanding against such company in this state," like the corresponding phrase in the statute of Massachusetts, is a limitation only of the time within which the company may be bound by service upon its agents in the state, and not a restriction upon the character of suits in which process against it may be issued.

It follows, in the case before us, that the defendant in garnishment was not exempt from suit in Indiana upon the particular obligation in question. The Buford & George Manufacturing Company, if it had seen fit, might have gone into the Marion superior court to enforce payment of the policy; and equally, if not a fortiori, the plaintiffs in error, who are citizens of that state, were entitled to summon the debtor company to that court, unless, as asserted in the first proposition of the defendants in error, the proceedings being in garnishment, the court acquired, and could acquire, no jurisdiction. That proposition we consider unsound. The decisions cited to sustain it proceed upon the assumption—which we think clearly erroneous—that jurisdiction in garnishment against a debtor of the principal defendant, who cannot be personally served with process, depends, when tangible property has not been attached, upon the situs of the debt. The assumption makes garnishment impossible in cases of foreign attachment, whether the debtor sought to be reached is a resident or a nonresident. Escape is sought from this result by saying, as in Douglass v. Insurance Co., supra, "that the laws of a state, for the purposes of attachment proceedings, may fix the situs of a debt at the domicile of the debtor." That is a sheer fiction, which, if resorted to at all, may just as well be enlarged so as to include foreign corporations wherever they are doing business under agreement that process may be served upon their agents as if upon themselves. But, manifestly, the essentials of jurisdiction cannot rest upon a fiction, and if, in this class of cases, the situs of a debt or chose in action is essential, it must be the real situs. It is not in the power of the legislature of a state to affect the rights of nonresidents, against their consent, by declaring that, of two things which are not identical, one shall be deemed to be the equivalent of the other,—certainly not by declaring that something out of the state shall be deemed to be within it. No such fiction, however, is necessary, because the jurisdiction in such a case does not depend upon the situs of the debt, but upon control over the debtor, obtained by means of due process, duly served. Even if, as in cases of domestic attachment, the creditor and the situs of the debt be within the state, effective jurisdiction in garnishment can be acquired only by the service of process upon the debtor. It is notice to the debtor that gives the plaintiff in garnishment a lien upon the debt, or an assignment of it; and, once that is accomplished, notice by publica-

tion, or in such other manner as may have been provided by statute, may be given to the principal defendant, upon which the court may proceed to final judgment, disposing of the debt as effectually as, upon like notice by publication, it may dispose of a chattel seized in attachment. If, in the ordinary case of foreign attachment, there can be rendered against a resident debtor a judgment in garnishment which, under the general principles of international law and the constitution of the United States, the courts everywhere will respect as valid, there can be no objection, in reason or principle, to a like judgment against a foreign corporation, which, by law and by its own consent, has become subject to the service of process in the state where sued, as if chartered or incorporated there. In both cases, alike, there is due process of law; and, if in the state courts, the proceedings and the judgments, it is provided by act of congress (Rev. St. § 905), "shall have such faith and credit given them in every court within the United States as they have by law or usage in the courts of the state from which they are taken;" or, as it is declared in section 1, art. 4, of the federal constitution, "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." The proceedings and judgments of the courts of the United States are entitled to equal respect, and it follows that a proceeding in garnishment, begun in any court of competent jurisdiction against a corporation doing business and subject to process in two or more states, would be entitled to precedence of any suit for the same cause commenced later in another district or state, and that the supposed inconvenience of different suits in different jurisdictions, and danger of debtors being compelled to discharge their obligations more than once, is more imaginary than real. No court can rightfully disregard the lien upon the debt which is established by the service of process in garnishment upon the debtor. For the purpose of taxation, debts belong, of course, to the creditors to whom they are payable, and follow their domicile, wherever that may be. State Tax on Foreign-Held Bonds, 15 Wall. 300, 319. But when it is a question of garnishment, or of the administration of an estate consisting of credits, resort must be had to a forum which can reach the debtor. The obligation is in him, and can be enforced for the benefit of the plaintiff in attachment only by proceedings against him, wherever the evidence of the debt may be held. In the language of the supreme court of Vermont in Cahoon v. Morgan, 38 Vt. 236:

"It is true that the trustee process is sometimes called 'attaching a debt,' because it creates a lien upon the debt, as attachment does upon personal property. But the validity of the two kinds of liens rests on wholly different grounds. Attachment of personal property must be by taking possession of it. But no possession can be taken of a debt. To make the lien valid against the debt all that is required is notice to the debtor (garnishee or trustee) of the suit,—a mere summons."

In Moshassuck Felt Mill v. Blanding, 17 R. I. 297, 21 Atl. 538, in response to the same objection to the jurisdiction which is urged here, the court said:

"There is much force in this contention, and there are many cases which sustain such a view, where there is no statute providing for the service of

process on foreign corporations. But, in states where such service is provided for, the jurisdiction, so far as we are aware, has been uniformly asserted. Fithian v. Railroad Co., 31 Pa. St. 114; Barr v. King, 96 Pa. St. 485; Roche v. Association, 2 Ill. App. 360; Railroad Co. v. Tyson, 48 Ga. 351; McAllister v. Insurance Co., 28 Mo. 214; Bank v. Huntington, 129 Mass. 444; Cousens v. Lovejoy, 81 Me. 467, 17 Atl. 495. In Roche v. Association, supra, it was held by the appellate court of Illinois that in such case the foreign corporation becomes, for all purposes of suit, a resident corporation, and that the debt due from such corporation, though payable elsewhere, by the terms of the contract under which it fell due, was, nevertheless, subject to garnishment in that state."

In the case of Reimers v. Manufacturing Co., 17 C. C. A. 228, 70 Fed. 573,—which has just come to our attention,—the parties were all nonresidents of Michigan, where the action was brought, and in that respect the case is distinguishable from this; but the decision is based mainly upon the doctrine of Douglass v. Insurance Co., supra, and like cases. The court says:

"It may be conceded that, under the statutes of Michigan, a corporation of another state, which assumes to do business in Michigan, subjects itself, through its agents in that state, to service of process by garnishment; but this does not determine the question whether a creditor of such a corporation is affected by this fact, so that the debt owing is given a locality and situs within the state lines of Michigan, such as to permit the courts of Michigan, under general principles of international law and the constitution of the United States, to seize the debt."

For the reasons already stated we do not deem the matter important, but, even if regard must be had to the idea of situs or domicile, sufficient authority for asserting the jurisdiction in question may be found in the decision of the supreme court in the case of Insurance Co. v. Woodworth, 111 U. S. 138, 4 Sup. Ct. 364, where, after stating the considerations which had led the legislatures of the states to require of foreign insurance corporations submission to the jurisdiction of their courts, and after referring to the statute of Illinois, which, in respect to process, is essentially the same as that of Indiana, the court said:

"In view of this legislation, and the policy embodied in it, when this corporation, not organized under the laws of Illinois, has, by virtue of those laws, a place of business in Illinois, and a general agent there, and a resident attorney there for the service of process, and can be compelled to pay its debts there, by judicial process, and has issued a policy payable, on death, to an administrator, the corporation must be regarded as having a domicile there, in the sense of the rule that the debt on the policy is assets at its domicile, so as to uphold the grant of letters of administration there. The corporation will be presumed to have been doing business in Illinois, by virtue of its laws, at the time the intestate died, in view of the fact that it was so doing business there when this suit was brought (as the bill of exceptions alleges), in the absence of any statement in the record that it was not so doing business there when the intestate died. In view of the statement in the letters, if the only personal property the intestate had was the policy, as the bill of exceptions states, it was for the corporation to show affirmatively that it was not doing business in Illinois when she died, in order to overthrow the validity of the letters, by thus showing that the policy was not assets in Illinois when she died. The general rule is that simple contract debts, such as a policy of insurance, not under seal, are, for the purpose of founding administration, assets where the debtor resides, without regard to the place where the policy is found, as this court has recently affirmed in Wyman v. Halstead, 109 U. S. 654, 3 Sup. Ct. 417. But the reason why the state which charters a corporation is its domicile, in

reference to debts which it owes, is because there only can it be sued, or found for the service of process. This is now changed, in cases like the present; and in the courts of the United States it is held that a corporation of one state, doing business in another, is suable in the courts of the United States established in the latter state, if the laws of that state so provide, and in the manner provided by those laws. Insurance Co. v. French, 18 How. 404; Railroad Co. v. Harris, 12 Wall. 65; Ex Parte Schollenberger, 96 U. S. 369; Railroad Co. v. Koontz, 104 U. S. 5, 10. It is argued for the plaintiff in error that administration could have been taken out in Michigan on the policy, on the view that that was the domicile of the assured, and that it could have been taken out in Massachusetts, without regard to the location of the policy at the time of the death of Mrs. Woodworth, and without regard to the fact that she died in another jurisdiction; and the case of Bowdoin v. Holland, 10 Cush. 17, is cited as holding that administration may be granted in Massachusetts on the estate, situated there, of a person who died while residing in another state, although the will of the deceased had not been proved in the state of his domicile, on the view that otherwise debts due in Massachusetts, to or from the intestate's estate, could not be collected. The reason assigned for taking out letters in Massachusetts has equal force when applied to a state where the debtor does business under the laws of that state, and can be sued as fully as in Massachusetts, and is sure to be found so as to be served with process. If the defendant is to be sued in Illinois, administration must be taken out there, and administration in Massachusetts or in Michigan would not suffice as a basis for a suit in Illinois. The consent and capacity to be sued in Illinois still require, if an administrator is to be the plaintiff, that letters should be issued in Illinois; and by the terms of the policy, on the death of the assured, the suit must be by her executor or administrator. So it results that the question in this case must be decided on the same principle as if Illinois were the only state in which suit could be brought, and therefore the state in which letters of administration must be taken out for the purpose of a suit."

In the recent case of Insurance Co. v. Chambers (N. J. Ch.) 32 Atl. 663, which, in respect to the question under consideration, is not to be distinguished from the present case, the court of chancery of New Jersey disposes satisfactorily of every objection which was urged there, or has been urged here, either upon principle or policy, to the assertion of jurisdiction in such cases. It hardly need be said that the case does not, like St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, involve the question of jurisdiction to render a personal judgment against the principal debtor. The judgment below is reversed, with direction that the demurrers to the pleas to the jurisdiction be sustained, and that further proceedings be had consistently with this opinion.