McAllister, Appellant, v. Pennsylvania Insurance Company of Pittsburgh (Garnishee), Respondent.

McAllister, Appellant, v. Commonwealth Insurance Company of Harrisburgh (Garnishee), Respondent.

1. Foreign incorporated insurance companies, which have established agencies within this state, and whose agents have complied with the provisions of the act licensing and regulating agencies of foreign insurance companies (R. C. 1855, p. 884), are subject to garnishment process.
2. Service of garnishment process may be had in such case upon the authorized agent of the foreign insurance company, he being a chief or managing officer thereof within the meaning of the twenty-sixth section of the first article of the attachment act.

*Appeal from St. Louis Court of Common Pleas.*

Roger C. McAllister, having recovered judgment against one Beasley, caused execution to issue thereon. The sheriff made the following return of this execution: " I did, by order of the plaintiff Roger C. McAllister, October 20, 1857, summon the Pennsylvania Insurance Company of Pittsburgh and the Commonwealth Insurance Company of Harrisburgh, Pennsylvania, and by delivering to George K. Budd, agent of each of said insurance companies, a written copy of the garnishment; further, by summoning said insurance companies to appear at the return term of this writ to answer the interrogatories that may be exhibited by the *plaintiff* touching their indebtedness to the defendant Benjamin F. Beasley; and I further declared to said Budd that I did attach in the hands of said insurance companies (and summon them as garnishees) any goods, chattels, moneys or evidences of debt which said insurance companies may have belonging to said defendant; and further, that I did attach in said insurance companies' hands all debts due from them to said defendant, or so much thereof as shall be sufficient to satisfy the debt, interest and costs in this case."

Both of the companies mentioned in the return of the sheriff

filed separate motions praying the court to set aside the return of the sheriff and to discharge them from answering the interrogatories, on the ground that it did not appear by said return that any legal service of the notice of garnishment was made by said sheriff, or that the companies had been legally subjected to the jurisdiction of the court.

The court sustained the motions.

*Hart, Thomas & Sharp*, for appellant.

*Drake*, for respondents.

I. The sheriff's return is not sufficient to give the court jurisdiction. (See Thatcher v. Powell, 6 Wheat. 119 ; United States v. Arredondo, 6 Peters, 709.) The return can not serve as the foundation of any proceeding against the garnishees. It shows nothing more than that two companies styled therein insurance companies were garnished by serving notice of garnishment on an individual whom the sheriff styles their agent. This is no mode of summoning a garnishee known to the law of this state. If the companies are incorporated, service is required to be by delivering the notice of garnishment to the " president, secretary, treasurer, cashier, or other chief or managing officer of the corporation." (R. C. 1855, p. 246, § 26.) If unincorporated, they can not be summoned as associated bodies by notice to their agent or any of their officers. If they do business through an agency established under the " act to license and regulate agencies of foreign insurance companies," the difficulty of holding them as garnishees is only increased. The record does not show the *situs* of the companies and the court can not presume it. It does not show that they are doing an insurance business in this state through an agency established under said act; nor that the person on whom notice was served was the agent for the transaction of that kind of business under said act. Besides, there is no law of this state authorizing notice of garnishment to be served upon a foreign insurance company by delivery to its agent. If the foreign insurance company can be garnished at all in the courts

of this state, it must be when the company is a corporation, and then the service must, as in the case of a domestic corporation, be served upon some one of the officers mentioned in the section above cited. Even if there were such a law, it could have [no] force to require foreign corporations to answer as garnishees in our courts. (3 Metc. 564; 1 Gray, 424; 33 New Hamp. 337.)

NAPTON, Judge, delivered the opinion of the court.

These cases involve the same questions. The return of the sheriff to writs of executions against one Beasley stated that by order of the plaintiff in said executions he had summoned the two insurance companies named, by delivering to George K. Budd, their agent, a written copy of the garnishment, &c. The two companies denied their liability to answer such a process thus served and returned, and of this opinion was the court of common pleas and they were consequently discharged. The judgment of the court must have proceeded either on the ground that foreign insurance companies, under our laws, are not subject to garnishment, or that the service of the writ in these particular cases was insufficient and illegal.

The seventh section of the execution law provides that " no corporation, officer or person exempted from garnishment by the act to provide for suits by attachment shall be summoned as garnishees under the provisions of this law." The twenty-seventh section of the attachment law specifies the officers and corporations which are exempted from this process, and the present garnishees are certainly not included within the exceptions. The twenty-fifth section of the same embraces, as liable to the process, " all persons who are named in the writ, and such others as the officer shall find in the possession of goods, money or effects of the defendant not actually seized by the officer, and also such as the plaintiff or his attorney shall direct." The twenty-sixth section says that " notice of garnishment shall be served on a corporation in writing, by delivering such notice or a copy thereof to the

president, secretary, treasurer, cashier, or other chief or managing officer of such corporation."

When it is considered that the attachment law treats a foreign corporation, having its chief place of business within this state, upon the same footing with domestic corporations and protected from that extraordinary and summary process in the same cases in which our own corporation would be; when, in connection with this, we see the act of December 5, 1855, concerning agencies of foreign insurance companies, recognizing them, when established in conformity to the directions of that law, to all intents as domestic corporations, it would seem to be a reasonable interpretation of the language of the twenty-sixth section of the attachment law that an agent of a foreign insurance company located here and doing business under this law of 1855, should be deemed a "*managing officer*" of such corporation for all the purposes of an attachment or garnishment. Such agents do in fact represent the corporation here, although, in the foreign country where the corporation has been chartered and its chief place of business is, there is another chief officer of such corporation.

We are not aware of any principle of public policy which could induce the legislature designedly to discriminate between domestic insurance companies and these agencies of foreign insurance companies, which they have allowed to transact business here with all the privileges of domestic corporations, so as to exempt the latter from liability to a process to which the former is undoubtedly liable. There is no more inconvenience in requiring a debt, confessedly due, to be paid over to a creditor of their creditor in the one case than in the other; and it could only be by some oversight in the law-makers if any such discrimination had been left in the statutes. But we consider the language of the twenty-sixth section sufficiently comprehensive to cover all cases, the agents of foreign insurance companies as well as the chief officers of those chartered and located here.

The return of the sheriff was, in our opinion, *prima facie*

sufficient. If the Pennsylvania Insurance Company of Pittsburgh is not a corporation, and not a foreign corporation as its name alone would indicate; if George K. Budd is not their authorized agent, as the sheriff certifies he professes to be ; if they have not complied with the provisions of the act of December 8, 1855, and have no authority or right to transact business of this kind here, these are matters within their knowledge and may be set up in the answer if denied. How far such a defence would be available is another matter, not important to be decided here. We will presume they have done their duty and complied with the law until the contrary appears.

Judge Scott concurring, the judgment is reversed and the cause remanded.