JOHN SWALLOW ET AL., Respondents, v. M. Y. DUNCAN and JOHN B. GREGORY, Appellants.

Kansas City Court of Appeals, July 6, 1885.

1. GARNISHMENT—SERVICE OF NOTICE.—The summons and notice to the garnishee, perform a two-fold office. The *summons* is to bring him into court. This is essential to give the court jurisdiction over the

person of the garnishee. The *notice*, by which the officer is required to declare to the garnishee that he attaches in his hands, etc., is the means by which *the thing* (the property or debt), is brought into court, and is the indispensable pre-requisite to confer jurisdiction over the subject-matter. The proceeding is *quasi in rem*. There is no difference, in this respect, between a proceeding in the circuit court and a justice's court. *Conner v. Pope, Garnishee, ante,* p. 86.

2. ——— SERVICE ON NON-RESIDENT INSURANCE CORPORATION.—Under section 6013 of the Revised Statutes of Missouri (1879), requiring foreign insurance companies to file a written power of attorney, appointing some person resident in this state, to acknowledge or receive service of process, in behalf of such company, etc., service on such person, so designated, or acknowledgment of service by him, is tantamount to receiving it, and is sufficient, and will be binding upon the company. *McAllister v. Penn. Ins. Co.,* 28 Mo. 214.

3. BAILMENT—DEPOSITARY OR STAKEHOLDER.—A voluntary bailee or stockholder, is bound by the terms of his acceptance, and is estopped to raise any objection to the surrender of the fund (or thing left with him), inconsistent with the conditions on which he accepted the custody.

4. ATTACHMENT—SECTION 447 REVISED STATUTES CONSTRUED.—Section 447 of the attachment act (Revised Statutes, 1879), applies only to several proceedings in *attachment*, and not to the instance where the one party proceeds by attachment and the other by *fi fa*, under ordinary judgment.

APPEAL from Audrain Circuit Court, HON. ELIJAH ROBINSON, J.

*Affirmed.*

The facts are sufficiently stated in the opinion of the court.

I. HALL, for the appellants.

I. Gregory's garnishment was valid. It was not necessary for the constable, in garnishing the insurance company, to declare, at the time of summoning it, that he attached the debt in its hands that it was owing Martin. Section 467 Rev. Stat. 1879 ; Sections 2543-4-5-6, and 3922, *Ib.*

II. The officer's return of plaintiffs' garnishment does not show a service in conformity with law, either on the one to Audrain county, or that to St. Louis county,

and hence no jurisdiction was had. Rev. Stat. 1879, sects. 749, 2521, 6613; *Hoen v. Atlantic & Pacific Railroad*, 64 Mo. 561. The service provided for by section 6013 applies only to original writs, and not to notice of garnishment under execution.

III. Plaintiffs' judgment against the insurance company, as garnishee, was improperly admitted in evidence; it was only evidence of the fact of a judgment in their favor. Duncan was simply a bailee. 1 Greenl. on Evidence, sect. 535; Freeman on Judgments, sect. 252.

IV. There is no provision of law for garnishing a foreign corporation in this state, and *the case in 28 Mo. 214*, cannot supply the omission.

V. Defendants' objections to sheriff's returns to plaintiffs' garnishments should have been sustained, and the same excluded; and, also, some portions of the answers to interrogatories, especially that part referring to defendants' service of garnishment upon the insurance company, and also as to the justice's judgment against the company in *favor of* Gregory. *This was all incompetent.*

No brief on file for respondents.

Opinion by PHILIPS, P. J.

This is a controversy between two garnishing creditors as to priority. The material facts, to a determination of the case, are as follows: The defendant, Gregory, sued one, Septimus Martin, by attachment in a justice's court, and attempted to garnish the Springfield Fire and Marine Insurance Company, of Springfield, Massachusetts, as a debtor of said Martin. The constable's return was as follows:

"Executed the within writ in the county of Audrain and state of Missouri, on the 27th day of January, 1882, by reading the same to and within the presence and hearing of S. Martin, and by order of plaintiff's attorney, *served* a written notice of garnishment *on Haydon & Gass*, agents of the *Springfield Insurance Company, of Massachusetts*, no president, secretary, cashier or other

chief officer of said company found in Audrain county, Mo. Haydon & Gass, having charge of the business office, and being agents of said company at Mexico, Mo.

"R. B. HOOTON, Constable."

The plaintiff had, at this time, a judgment against said Martin, rendered by the circuit court of Audrain county. Shortly after the garnishment proceeding aforesaid, the plaintiff had execution issued on his judgment, and directed the sheriff to summon the insurance company as garnishee. On this writ the sheriff made the following return:

"I hereby certify that I served and executed this writ, as follows: I did, by order of Macfarlane & Trimble, attorneys for the plaintiffs, John Swallow, et al., on the seventh (7th) day of February, 1882, at 10 o'clock in the forenoon of said day, summon as garnishee the Springfield Fire and Marine Insurance Company, of Springfield, Massachusetts, a foreign corporation, by delivering to Haydon & Gass, a firm composed of John H. Haydon and D. W. Gass (and to each of them), agents of the said insurance company, located, residing and doing business for said insurance company in Audrain county, Mo., a written copy of the summons of garnishment hereto attached; and by summoning said insurance company to be and appear before the circuit court of Audrain county at its next term, to be holden on the first Monday in June, 1882, then and there to answer such interrogatories as might be exhibited and propounded by the said plaintiffs, touching its indebtedness to the defendant Septimus Martin, and I further served this writ of execution, by declaring to the said John H. Haydon and D. W. Gass, as agents of said insurance company, that I did attach and levy upon in the hands of said insurance company (and summon it as garnishee) any goods, chattels, moneys, and evidences of debt, which said insurance company may have belonging to the said defendant, Septimus Martin, and, further, that I did attach and levy upon, in said insurance company's hands, all debts due from it to said defendant, Septimus Martin,

or so much thereof as shall be necessary and sufficient to satisfy the judgment debt, interests and costs in this case.

"Thus done at the county of Audrain and state of Missouri, this 7th day of February, 1882.

"D. D. WOODWARD, Sheriff Audrain Co.

"And no other property being found on which to levy this execution, it is returned not satisfied.

"D. D. WOODWARD, Sheriff."

Apprehensive, I presume, of the sufficiency of this return, the plaintiff also caused writ to be sent to sheriff of St. Louis county, who made the following return thereon:

"No goods, chattels or real estate found in the city of St. Louis, belonging to the defendant, whereupon to levy this writ and make the debt and costs, or any part thereof, and by order of plaintiff's attorney, I summoned in writing, as garnishee, the Springfield Fire and Marine Insurance Company, of Springfield, Massachusetts, by delivering a garnishee summons directed to said company, to Geo. D. Capen, who is the person authorized by law to acknowledge service of writs in the state of Missouri for the Springfield Fire and Marine Insurance Company, of Springfield, Massachusetts, as per appointment filed in the office of the insurance commissioner of the state of Missouri, at the hour of twenty-five minutes to four o'clock, p. m., on the tenth day of February, 1882, in the city of St. Louis, Missouri, for Springfield Fire and Marine Insurance Company of Springfield, Massachusetts, to appear in court at the return of this writ, and answer such interrogatories as may be exhibited by the plaintiff touching its indebtedness to the defendant.

"I further declare to Springfield Fire and Marine Insurance Company, of Springfield, Massachusetts, in writing, that I attached in its hands, and summoned it in writing, as garnishee, any goods, chattels, moneys or evidences of debt which it may have belonging to the said defendant, and further, I did attach all debts due

from it to said defendant, or so much thereof as will be sufficient to satisfy the debt, interest and costs in this suit.

"ISAAC M. MASON, Sheriff.

"By JOHN F. MIELERT, Deputy.

The plaintiff sought, by *certiorari*, to have the proceeding in the attachment case brought before the circuit court under the provisions of section 447, General Statutes, concerning attachments. While matters were in this condition the parties made the following agreement in writing:

"It is agreed that out of the moneys belonging or due to Septimus Martin, the defendant, in all of the above entitled actions, in the hands of or due from the Springfield Fire and Marine Insurance Company, Springfield, Massachusetts, garnishee herein, the sum of three hundred dollars may be paid to said Septimus Martin by said insurance company. The same being exempt from execution and attachment, and as to that sum all said garnishee process and attachments are hereby dismissed and discharged, and when the balance of such indebtedness of said insurance company to said Martin, to-wit: The sum of two hundred and fifty-one dollars shall be paid into the hands of M. Y. Duncan, to abide the order of the court under and by virtue of said attachments and garnishment by said insurance company, then it is agreed that said insurance company shall be fully discharged and released from all liability by reason of said proceedings, or any of them.

"JOHN B. GREGORY,

"By M. Y. DUNCAN.

"J. & T. SWALLOW,

By MACFARLANE & TRIMBLE, their attorneys. "MARCH 21, 1882."

Under which Duncan obtained possession of the said sum of two hundred and fifty-one dollars. In the meantime the justice had rendered judgment by default against "The Massachusetts Fire and Marine Insurance Company" for $121.27 and costs.

To the proceeding in the circuit court on plaintiff's

garnishment, the said insurance company appeared, and set up the fact of the attempted garnishment by the defendant Gregory, and the judgment therein.

It was after the issue thus made that the stipulation was entered into by which the money was placed in the hands of Duncan. To this proceeding on garnishment between the plaintiffs and said insurance company, the said Gregory, through Duncan, appeared and contested plaintiff's right to judgment against the garnishee. The circuit court found the issues for plaintiffs, holding that the proceedings of garnishment in the justice's court were void for want of jurisdiction, and rendered judgment in favor of plaintiffs against the insurance company for the balance owing to Martin by it. And the circuit court made the further order: "that the rule heretofore made on Enoch Hooten, J. P., to send up certified transcript of his record and all papers in the two cases of *John B. Gregory v. Septimus Martin*, as defendant, and the Springfield Fire and Marine Insurance Company, of Springfield, Massachusetts, as garnishee, be dismissed at the costs of the plaintiffs, and that execution issue therefor."

In this condition of affairs the plaintiffs brought the present action against Duncan, making Gregory a party-defendant. The petition sets up the fact aforesaid, substantially, and asks judgment against Duncan for the money so held by him. The answer tendered issue more as to the conclusions of law than any material fact in the case. The court found for the plaintiffs, and rendered judgment for the sum so received by Duncan. Defendants have brought the case here by appeal.

1. The first question to be determined is, as to the validity of the judgment of the justice's court against the insurance company. That judgment would be bad, if for no other reason, because it is rendered against "The Massachusetts Fire and Marine Insurance Company;" whereas, the constable's return shows that he summoned as garnishee, "The Springfield Insurance Company of Massachusetts," and the real name of the company is "The Springfield Fire and Marine Insurance

Company, of Springfield, Massachusetts." It was against this last named company the plaintiffs recovered judgment, and it was the money of this company the defendant Duncan undertook to hold.

But we hold further that the return of the constable failed to show such service of the notice of garnishment as operated a seizure of the debt, or such as conferred jurisdiction on the justice's court over the debt. It fails to show that the officer declared to the debtor of the defendant that he attached in his hands the debt due from him to the defendant, or so much thereof as shall be sufficient to satisfy the debt, etc.

This question we had occasion to determine at this term in the case of *Conner v. Pope*, garnishee, (*ante*, p. 86). In that case we said: "The summons and notice to the garnishee perform a two-fold office. The summons is to bring him into court. This is essential to give the court jurisdiction over the person of the garnishee. The notice, by which the officer is required to declare to the garnishee that he attaches in his hands the debt, etc., is the means by which *the thing* (the property or debt), is brought into court, and is the indispensable pre-requisite to confer jurisdiction over the subject-matter. The proceeding is *quasi in rem*. * * * The question of the jurisdiction over the subject—the thing—goes to the very power of the court to proceed to adjudicate the rights of the debtor-defendant to the property."

There is no difference in this respect between a proceeding in the circuit court and a justice's court. *Keene v. Barthlow*, 4 Mo. App. 507 ; *Brecht v. Corby*, 7 Mo. App. 300. Section 481 (Revised Statutes) expressly declares that: "the provisions of law governing attachments in courts of record shall apply to attachments before justices of the peace, so far as the same may not be inconsistent with the provisions which are specially applicable to the latter." There is no possible inconsistency in the particular case under consideration, between the proceedings in the two jurisdictions. So section 2518, concerning garnishments, applies to executions from a justice's court as well as the circuit court. And wher

section 3022 provides for garnishment, on judgments of justice's courts, the manner of executing the summons, so as to bind the *res* is in nowise different from the summons in attachment proceeding. As is aptly said by Hayden, J., in *Keene v. Barthlow, supra,* "where personal property is accessible, the officer must take it manually ; if not accessible, he must still take it, not manually, but in the way prescribed. As there could be no jurisdiction if the manual process were omitted where it was possible, so there can be no jurisdiction where the manual process is not possible and its prescribed substitute is omitted. In both cases it is *the thing* which the law pursues, and evidence of the proper pursuit and taking of it is the evidence of jurisdiction. Here the court was not one of record ; the proceeding is special, and contrary to the course of the common law, and the facts giving jurisdiction should appear from the record or papers in the case."

2. The defendants assail the judgment of the plaintiffs, in the garnishment proceeding, on account of the insufficiency of the service on the. insurance company. If it were conceded to the defendants that the return made by the sheriff of Audrain county was insufficienct because of the failure to recite that the chief officer was absent, or not found in the county, etc., we are of opinion that the service on Capen, as the person authorized by the non-resident corporation, to acknowledge service of writs in this state, was sufficient, under section 6013 of the Revised Statutes, 1879 : "Any insurance company, not incorporated by, or organized under, the laws of this state, desiring to transact any business by any agents in this state, shall first file with the superintendent of the insurance department, a written instrument or power of attorney, appointing and authorizing some person, who shall be a resident of this state, to acknowledge or receive service of process, and upon whom process may be served for and in behalf of such company, in any court of this state, etc." The criticism made on the return of the sheriff of St. Louis is, that it only recites that "George D. Capen, who is the person authorized by law

to acknowledge service of writs, in the state of Missouri, for the Springfield Fire and Marine Insurance Company, of Springfield, Massachusetts."

If Capen was authorized to acknowledge service, that would warrant the service of writ on him, for it is tantamount to receiving it. The insurance company made no objection to this service, and the return of the officer was *prima facie* evidence of the non-residence of the corporation. *McAllister v. Pennsylvania Insurance Co.*, 28 Mo. 214–218.

3. It is objected by the defendant that a foreign insurance company is not subject to garnishment under process from a court of this state. We think this objection answered in the negative by the case last above cited. But what is a sufficient answer to this, and other issues raised by these defendants to this judgment is, the fact that by the stipulation entered into between plaintiffs and defendants, the money in controversy was placed in Duncan's hands to abide the order of the circuit court under and by virtue of said attachments and garnishment of said insurance company. By such deposit Duncan became a bailee, a mere depositary or stakeholder, of said money to be held for a specified purpose and no other. As such voluntary bailee he is bound by the terms of his acceptance, and is estopped to raise any objection to the surrender of the fund inconsistent with the conditions on which he accepted the custody. The condition of his undertaking, by which he acquired the possession, was to abide the order of the circuit court in those cases. The circuit court very properly dismissed the *certiorari* proceeding by which it was sought to bring the attachment case from justice's court into the circuit court under section 447. That section applies only to several proceedings in attachment, and not to the instance, like this at bar, where the one party proceeds by attachment, and the other by *fi fa* under ordinary judgment. It is enough to say the statute has not gone so far. But the circuit court did find in the garnishment proceeding of plaintiffs against the insurance company that the judgment of the justice

did not bind the property in the hands of the company sought to be garnished, and rendered judgment against the company for the debt so owing by it. The defendants had notice of that proceeding, for they appeared thereto and resisted the judgment. Aside from any question of estoppel arising on the participation of defendants in said trial, which we do not determine, we think the spirit of the stipulation entered into by defendants, when the money was turned over to Duncan, renders it obligatory upon the special bailee to turn over the same to these plaintiffs. The judgment of the circuit court in that garnishment case was not appealed from. When Duncan, thereafter, as the record shows he did do, turned the money over to Gregory on his judgment against his garnishee, he did so at his peril.

The judgment of the circuit court was for the right party, and the same is affirmed. All concur.