**STATE ex rel. AUTO FINANCE COMPANY, a corporation, d/b/a Consumer Acceptance Company, Relator-Appellant,**

v.

**Honorable Oliver M. COLLINS, Magistrate, Division No. I, Magistrate Court, City of St. Louis, State of Missouri, Respondent.**

No. 58021.

Supreme Court of Missouri, En Banc.

July 16, 1973.

Jack B. Schiff, Clayton, for appellant. Lloyd A. Palans, Burton H. Shostak, Kramer, Chused, Kramer, Shostak & Kohn, St. Louis, for appellant on the appeal.

Karol A. Korngold, St. Louis, Charles Alan Seigel, B. C. Drumm, Jr., St. Louis, for respondent. Stein & Seigel, St. Louis, of counsel.

BARDGETT, Judge.

This case comes to the writer on re-assignment. This appeal is here on transfer after opinion from the Missouri Court of Appeals, St. Louis District because one of the court of appeals judges dissented and certified that the majority opinion was in conflict with State v. Anderson, 413 S.W. 2d 161 (Mo.1967). This court has jurisdiction and will decide the cause as an original appeal. Mo.Const. Art. V, Sec. 10, V.A.M.S. The opinion of the court of appeals is reported at 482 S.W.2d 529.

This case involves a magistrate court garnishment proceeding. The questions to be decided are (1) Does a magistrate judge have jurisdiction to hear a motion filed by a garnishee to quash a return of service of the garnishment writ and summons? (2) Is service of a garnishment writ and summons valid service upon a foreign corporation, garnishee, when service is obtained on the registered agent of the foreign corporation in the State of Missouri? (3) Does Supreme Court rule 76.60, V.A.M.R., apply to Magistrate Courts? (4) Does a Magistrate Court have jurisdiction to award a garnishee a judgment for attorney's fees against plaintiff in garnishment?

The relator, Auto Finance Company, obtained a judgment in magistrate court against Arthur and Opal Brown in the amount of $775.63 on November 18, 1968. (The validity of that judgment is not in question here.)

On April 6, 1970 execution and garnishment were ordered to issue upon that judgment and the constable of magistrate court was directed to serve a summons and notice of garnishment on Cerro Corporation as garnishee of Arthur L. Brown, c/o registered agent, C.T. Corporation System, 314 N. Broadway, St. Louis, Missouri.

The constable made a return of service as follows: "Served the within Summons Garnishee in the City of St. Louis, at the hour of ten o'clock and thirty minutes A. M., on the 20th day of April, 1970, by declaring in writing to Cerro Corporation, a corporation, by delivering said written declaration, directed to said corporation to Dill of said corporation, he being in the business office of said corporation and having charge thereof, that I attached in its hands all debts due from it to said defendant, Arthur L. Brown, and all goods, moneys, effects, rights, credits, chattels, choses in action and evidence of debt, of, or belonging to the said defendant, Arthur L. Brown, or so much thereof as would be sufficient to satisfy the debt, interest and costs in this suit, and by summoning it in writing as garnishee, and I, at the same time, by said direction, further executed

said writ by summoning said corporation as garnishee, by declaring to it in writing, by delivering a summons of garnishment in writing directed to said corporation, to said Dill thereof, that I summoned it to appear before the Magistrate Court of the City of St. Louis, Civil Courts Building, Twelfth and Market Streets in said City _____ day of _____ to answer such interrogatories as might be exhibited and propounded to it by the within named plaintiff."

On April 30, 1970, Cerro Corporation garnishee appeared specially in magistrate court and filed a "Motion to quash service of Summons and to dismiss garnishment proceedings" and a "Petition for allowance of compensation to garnishee."

On May 14, 1970, the magistrate entered the following order: "Garnishee's motion to quash service of Summons and to dismiss garnishment proceedings heard, submitted and sustained and garnishee is discharged," and passed garnishee's motion for attorney's fee to May 25, 1970.

On May 21, 1970, relator, Auto Finance, filed a "Petition for Rule on Magistrate", a certiorari proceeding, in circuit court in which Auto Finance alleged that the magistrate had no jurisdiction to hear or decide the motions filed by garnishee and sought an order directed to respondent magistrate judge to set aside his order of May 14, 1970 quashing service upon Cerro Corporation garnishee and discharging garnishee and for an order to the magistrate to take no action in the cause or on garnishee's motion for attorney's fees pending disposition of the action in circuit court.

On May 21, 1970, the circuit court entered a preliminary rule on the magistrate and directed respondent magistrate to show cause why the relief prayed for by relator should not be granted; to certify the magistrate garnishment file to the circuit court; and to take no further or other action in the cause. Respondent filed his return in circuit court.

On May 25, 1970, the magistrate heard and sustained garnishee's motion for allowance of attorney's fees and entered judgment in favor of garnishee Cerro Corporation and against plaintiff Auto Finance Co. for $200.00 and costs.

On June 15, 1970, relator Auto Finance amended its petition for rule on the magistrate by adding Count II alleging the magistrate action in entering judgment against Auto Finance in favor of garnishee for attorney's fees and costs was contrary to the show cause order of the circuit court of May 21, 1970, and that respondent magistrate did not have jurisdiction under the law to enter such a judgment.

In the circuit court trial respondent magistrate was represented by the attorney for Cerro Corporation, garnishee, as Cerro was the party interested in sustaining the jurisdiction and the orders of the magistrate.

Cerro Corporation is a foreign corporation licensed to do business in Missouri. It does not maintain a separate business office in Missouri. C.T. Corporation, 314 N. Broadway, St. Louis, Missouri, is the registered agent and registered office of Cerro Corporation in Missouri. The notice of garnishment and summons was served upon C.T. Corporation at the designated office in St. Louis, Missouri.

The circuit court concluded that the motion filed in magistrate court to quash the constable's return of service was the proper method to determine if service of process was properly made and that service of process in garnishment proceedings cannot be properly made by service of the notice and summons on the registered agent of a foreign corporation. The court therefore held that since the notice and summons were not properly served, the magistrate did not have jurisdiction in the case and dismissed the petition for rule on the magistrate and thus left the magistrate order dismissing the garnishment proceedings

and the order allowing the attorney's fees and costs stand.

■ Appellant Auto Finance Co. contends that the magistrate had no jurisdiction to have a hearing on garnishee's motion to quash the constable's return or service of garnishment writ and summons nor to enter any orders thereon, and this contention raises the first issue to be decided. Does a magistrate court have jurisdiction to hear and determine a motion to quash service of process in a garnishment case? The answer is "Yes". Although this is a garnishment case, the issue is not peculiar to garnishments, but is rather one relating to service of process in any case. The parties have not directed the court's attention to nor has the court discovered any cases wherein a party contested the jurisdiction of a court to decide the threshold question in every case—has the defendant been served with process in accordance with the law.

Sec. 525.360, RSMo 1969, V.A.M.S., provides in part: "If any garnishee, *being duly summoned*, fail to appear at the proper time, . . . the plaintiff may take judgment against him by default, which may be proceeded on to final judgment in like manner as in cases between plaintiff and defendant; . . ." (emphasis supplied).

■ It is fundamental that a court does not acquire jurisdiction to enter a money judgment against a defendant, be he a garnishee or an ordinary defendant, unless that defendant has been duly summoned. That requirement is reiterated in Sec. 525.-360, supra. If a court could not decide the threshold question in every case, to wit: Has the defendant been duly summoned?, then that court would be required to enter judgments against defendants even though the court knew, by looking at the court file that there had been no service obtained or the return of service showed that service had not been properly obtained.

■ The jurisdiction to enter a judgment for plaintiff must, and does, include as a necessary incident to the power to enter judgment the responsibility and power to determine whether or not the defendant has been properly brought before the court —in short, whether the defendant has been duly summoned. This is not an enlargement of the jurisdiction of the magistrate but is necessarily incidental to the jurisdiction to enter judgment. The magistrate here had jurisdiction to hear the garnishee's motion to quash the return of service. This does not mean that the magistrate had the power to substantively quash the garnishment proceedings, but only the return of service. The appellant's contention to the contrary is overruled.

The second question is whether service of process upon the registered agent of a foreign corporation authorized to do business in Missouri constitutes service of process in a garnishment action, so as to vest jurisdiction in the magistrate to proceed with the garnishment action. The circuit court held that such service of process did not constitute service upon a foreign corporation and therefore the magistrate did not have jurisdiction to proceed with the garnishment action.

■ A "Petition for Rule on the Magistrate" is a proceeding to quash the record in magistrate court by writ of certiorari. In State ex rel. St. Louis Union Trust Co. et al. v. Neaf, County Assessor, 346 Mo. 86, 139 S.W.2d 958 1. c. 961 (1940) this court said, "The chief purpose of the writ is to confine inferior tribunals within the limits of their respective jurisdictions, and to give relief to the injured party where the inferior tribunal has no jurisdiction." This procedure is appropriate where, as here, the magistrate dismissed the garnishment proceedings on the determination that service of process was improper and therefore he had no jurisdiction to proceed, and the question is whether or not the magis-

trate abused or exceeded his jurisdiction in so doing.

As stated, supra, service of the garnishment writ and summons was had upon Cerro Corporation garnishee by serving the same upon C.T. Corporation, the registered agent of Cerro Corporation at the office of the C.T. Corporation which was the registered office of Cerro Corporation in Missouri. C.T. Corporation had been appointed the registered agent for Cerro Corporation in Missouri in order that Cerro could qualify to do business in Missouri pursuant to Sec. 351.620, RSMo 1969, V.A.M.S.

It is garnishee's position that service of garnishment must be had upon Cerro Corporation by serving its president, secretary, treasurer, cashier or other chief or managing officer, citing Sec. 525.050, and that "Dill", the person named in the return of service, was not shown to qualify as holding any of these positions with Cerro Corporation. Putting the issue in that fashion however, tends to beg the question, as the briefs of the parties and the record in the circuit court make it evident that the real issue is whether proper service of garnishment can be made upon a foreign corporation licensed to do business in Missouri by serving the process upon the duly appointed registered agent of the foreign corporation.

Sec. 351.620, supra, requires a foreign corporation authorized to do business in Missouri to have and continuously maintain in this state a registered office and a registered agent and permits the registered agent to be a corporation authorized to transact business in Missouri having a business office identical with such registered office.

Sec. 351.630, RSMo 1969, V.A.M.S., provides "(1) Service of process in any suit, action, or proceeding or service of any notice or demand required or permitted by law to be served upon a foreign corporation may be made on such corporation by service thereof on the registered agent of such corporation . . . (3) Nothing herein contained shall limit or affect the right to serve any process, notice, or demand required or permitted by law to be served upon a foreign corporation in any other manner now or hereafter permitted by law."

McAllister v. Pennsylvania Insurance Co., 28 Mo. 214 (1859), was a garnishment case. Pennsylvania Insurance Co., garnishee, was a foreign corporation and its agent in Missouri was served with a garnishment. Chapter 12, Sec. 26, RSMo 1855, provided, "Notice of garnishment shall be served on a corporation, in writing, by delivering such notice, or a copy thereof, to the president, secretary, treasurer, cashier, or other chief or managing officer of such corporation." This same statute is presently in force as the first clause of Sec. 525.050, RSMo 1969, V.A.M.S. Chapter 84, Sec. 1, RSMo 1855, required a foreign insurance company doing business in Missouri to appoint an agent in this state and provided that service of process upon the agent shall be deemed service on the company sued. There was, at that time, no provision for service upon foreign insurance companies by serving the superintendent of insurance of Missouri as there now is in Sec. 525.050, supra. Pennsylvania Insurance Co., garnishee, maintained that service of garnishment could be had only by serving the president, secretary, treasurer, cashier or other chief or managing officer of the corporation, and that the company could therefore not be served with garnishment by serving its agent.

The court held that service of garnishment process may be had upon Pennsylvania Insurance Co. by serving the process upon the authorized agent of that company, he being the chief or managing officer thereof within the meaning of the garnishment act, Chapter 12, Sec. 26, supra.

The reasoning of the court bears repeating. At l. c. 217, the court said: "When it is considered that the attachment law

treats a foreign corporation, having its chief place of business within this state, upon the same footing with domestic corporations and protected from that extraordinary and summary process in the same cases in which our own corporation would be; when, in connection with this, we see the act of December 5, 1855, concerning agencies of foreign insurance companies, recognizing them, when established in conformity to the directions of that law, to all intents as domestic corporations, it would seem to be a reasonable interpretation of the language of the twenty-sixth section of the attachment law that an agent of a foreign insurance company located here and doing business under this law of 1855, should be deemed a *'managing officer'* of such corporation for all the purposes of an attachment or garnishment. Such agents do in fact represent the corporation here, although, in the foreign country where the corporation has been chartered and its chief place of business is, there is another chief officer of such corporation.

"We are not aware of any principle of public policy which could induce the legislature designedly to discriminate between domestic insurance companies and these agencies of foreign insurance companies, which they have allowed to transact business here with all the privileges of domestic corporations, so as to exempt the latter from liability to a process to which the *former is undoubtedly liable. There is no* more inconvenience in requiring a debt, confessedly due, to be paid over to a creditor of their creditor in the one case than in the other; and it could only be by some oversight in the law-makers if any such discrimination had been left in the statutes. But we consider the language of the twenty-sixth section sufficiently comprehensive *to cover all cases, the agents of foreign insurance companies as well as the chief officers of those chartered and located here."*

Any question in 1859 as to whether the legislature intended to discriminate between domestic and foreign corporations has been resolved by Sec. 351.575, RSMo 1969, V.A.M.S., which provides in part: "A foreign corporation which shall have received a certificate of authority under this chapter . . . shall enjoy the same, but no greater, rights and privileges as a domestic corporation . . . and, except as in this chapter otherwise provided, shall be subject to the same duties, restrictions, penalties and liabilities now or hereafter imposed upon a domestic corporation of like character."

The agent that a foreign insurance company was required to appoint under the laws in effect in 1859 in order to do business in Missouri occupied the same status and existed for the same purpose as the registered agent that a foreign corporation must now designate in Missouri under the present law in order to do business here. McAllister, supra, was followed in Swallow v. Duncan and Gregory, 18 Mo.App. 622, 630–631 (1885) and McNichol v. The United States Mercantile Reporting Agency, 74 Mo. 457, 472–473 (1881). See also C. S. Foreman Co. v. H. B. Zachry Co., 122 F.Supp. 859 (W.D.Mo.1954).

Garnishee, in support of its position that the magistrate had jurisdiction to quash the return of service and quash garnishment proceedings, and in support of its position that service of garnishment on its registered agent is not valid service of garnishment on this foreign corporation, cites, inter alia, C. Rallo Contracting Co. v. Blong, et al., 313 S.W.2d 734 (Mo.App. 1960); State ex rel. Associated Transport Corporation v. Godfrey, 464 S.W.2d 776 (Mo.App.1971) and Blackburn Motor Co. v. Benjamin Motor Co., et al., 340 S.W.2d 155 (Mo.App.1960). These cases are not apposite. In all three cited cases the question was whether the employee of the garnishee, which employee was served with the garnishment writ and summons, was one of those persons designated in Sec. 525.050, supra. In Rallo the employee of Rallo Contracting Co. who was served with process was a bookkeeper-clerk or chief clerk for Rallo. In State ex rel. Associated Transport v. Godfrey, supra, the em-

ployee of garnishee served with process was "Operations Manager" of garnishee. In Blackburn, supra, the service was obtained upon an employee of garnishee who was a personal secretary for one of the company officials.

In each case the court held that the person served was not one who occupied any of the positions designated in Sec. 525.050 and therefore the service of garnishment was invalid.

The relationship of the person at C.T. Corporation who received service of process, one Dill, to Cerro Corporation, is not the issue here. Admittedly, the process here was served upon C.T. Corporation as registered agent for Cerro Corporation, garnishee and the question is whether or not service upon the registered agent of Cerro constitutes service of garnishment on Cerro Corporation, the foreign corporation.

■ The court holds that service of notice of garnishment and summons upon the registered agent of a foreign corporation authorized to do business in Missouri constitutes proper service upon the foreign corporation. Secs. 351.380, 525.050, 351.575, RSMo 1969, V.A.M.S.; McAllister v. Pennsylvania Insurance Co., supra. The trial court erred in holding to the contrary and the magistrate abused his jurisdiction in quashing the return of service.

Appellant Auto Finance cites Brownfield v. Thompson, 96 Mo.App. 340, 70 S.W. 378 (1902) and Carr v. Pennsylvania Ry. Co., 108 Mo.App. 388, 83 S.W. 981 (1904) in support of its contention that a magistrate court has no jurisdiction to quash a garnishment and in support of its contention that rule 76.60 of this court cannot operate so as to vest that jurisdiction in magistrate court because Sec. 513.360, a source for rule 76.60, does not apply to magistrates.

Sec. 513.360 has been in force in Missouri since at least 1855 (Ch. 63, Sec. 69, RSMo 1855); and in 1902 and 1904, when Brownfield and Carr were decided it was Ch. 26, Sec. 3223, RSMo 1899, which applied only to courts of record. Justice courts were not courts of record. Ch. 14, Sec. 1580, RSMo 1899. Executions and proceedings thereon in Justice of the Peace courts were separately and specifically controlled by Ch. 43, Secs. 4032-4058, RSMo 1899. This situation continued on until 1945 when Missouri adopted a new constitution which abolished Justice courts and established Magistrate courts as part of the Judicial department of this state. Mo. Const. Art. V, Sec. 1 (1945).

The 63rd General Assembly (1945) enacted numerous laws implementing the 1945 Constitution. Secs. 476.010 and 517.050, RSMo 1969, V.A.M.S., provides that magistrate courts are courts of record. Secs. 2700-2725, RSMo 1939, governed executions and proceedings thereon in Magistrate courts and were substantially the same as Ch. 43, Secs. 4032-4058, RSMo 1899. Sections 2700-2725, RSMo 1939, were repealed by the 63rd General Assembly. Laws of Missouri 1945, p. 1078. The General Assembly did not enact a new series of laws specifically governing executions in magistrate court but instead enacted Sec. 517.910, RSMo 1969, V.A.M.S., as part of the laws relating to magistrate court procedure.

Section 517.910, supra, provides:

"Execution, except as otherwise herein provided, shall have the same force and effect and be proceeded upon the same as executions issued out of other courts of record; provided, the return date of executions issued by courts of record not having terms shall be stated in the writ of execution but no such execution shall be returnable in less than thirty days, nor more than ninety days from date of issuance."

As stated, the foregoing statute was new in 1945 and did not exist at the time Carr and Brownfield were decided. Chapter 513 concerns executions and exemptions. Section 513.360 provides: "If any person against whose property any execution or order of sale shall be issued, apply to any

judge of the court out of which the same may have been issued, by petition, verified by oath or affirmation, setting forth good cause why same ought to be stayed, set aside or quashed, reasonable notice of such intended application being previously given to the opposite party, his attorney of record or agent, such judge shall thereupon hear the complaint."

Rule 76.60 is the same as Sec. 513.360 except that the words "or magistrate" appear in the rule following the first use of the word "judge".

Sec. 513.360, supra, has been part of the Missouri law relating to executions in courts of record since 1885, but until 1945, there was no similar provision in the laws governing executions in justice courts, nor was there any law making the procedure on execution in courts of record applicable to justice courts. Section 517.910 makes the procedure set forth in Chapter 513 relating to executions applicable to magistrate courts except as otherwise provided therein. There are no statutes excepting Sec. 513.360 from being applicable to magistrate courts nor does that section limit itself to circuit courts. The legislature, by the enactment of 517.910, supra, expanded the jurisdiction of magistrate courts and rule 76.60 merely codified the effect of Secs. 513.360 and 517.910 into a single concise rule. Carr and Brownfield, supra, were actually cases involving motions to quash executions, not garnishments, inasmuch as the movant in both cases was the party against whom a judgment had been previously rendered and was seeking to quash the execution on the judgment, and not a garnishee seeking to quash a garnishment prior to judgment having been rendered against it in the garnishment action. These two cases were correctly decided under the law in force at the time the decisions were handed down, but the legislature has since changed the law and therefore those cases should no longer be followed.

State v. Anderson, 413 S.W.2d 161 (Mo.1967), is cited for the proposition that magistrate courts are limited to the jurisdiction set forth in the statutes. This is correct, but it does not alter the court's holding in this case because the statutes now confer jurisdiction upon magistrates to quash an execution.

Rule 76.60 is applicable to executions in magistrate courts.

The last question is whether or not a magistrate has jurisdiction to award a judgment for attorney's fees to a garnishee against an unsuccessful plaintiff in garnishment. The court adopts that portion of the court of appeals opinion pertaining to this issue, which is as follows:

". . . Chapter 525 RSMo 1969 V.A. M.S., which governs garnishments, is divided into two parts. The first, containing §§ 525.010 through 525.310 relates to garnishments generally. The second, containing Secs. 525.320 through 525.480, deals specifically with garnishments in magistrate courts. In the first part there is provision for recovery by the garnishee from the plaintiff of a 'sum sufficient to indemnify him for his time and expenses, and reasonable attorney's fees . . .' where the plaintiff fails to recover judgment against the garnishee. Section 525.240. No such provision appears in the second part of the chapter. Section 525.390 provides that the issues between plaintiff and garnishee shall be tried as ordinary issues between plaintiff and defendant 'and *costs* may be adjudged for or against either party, as in ordinary actions.' (Emphasis supplied.) The rule in this state is that attorney's fees are not assessed as costs in ordinary actions except where provided by statute. Munday v. Thielecke, Mo., 290 S. W.2d 88 [6, 7]. The legislature has simply not provided for reimbursement of attorney's fees to a successful garnishee in a contested case in the magistrate court. That this was the legislative intention is demonstrated by the provisions of § 525.-

400 which specifically make the provisions of §§ 525.220 and 525.230 applicable to magistrate court garnishments but make no reference to § 525.240. Section 525.230 permits recovery by a garnishee of 'a reasonable allowance for his trouble and expenses in answering, to be paid out of the funds or proceeds of the property or effects confessed in his hands.' But such recovery may be had only where the garnishee has by answer admitted possession of property or effects of the defendant. Sec. 525.220. There is no statutory (or rule) authority for a magistrate court to assess attorney's fees of a garnishee against an unsuccessful plaintiff in a garnishment proceeding. In the absence of such authority the magistrate court has no jurisdiction to make such order."

The circuit court was correct in holding that a magistrate has jurisdiction to rule on a motion to quash a return of service in a garnishment action but was incorrect in holding that the service upon Cerro Corporation garnishee was improper and in refusing to quash the magistrate's order sustaining garnishee's "Motion to quash Service of Summons and to Dismiss Garnishment Proceeding," and in refusing to quash that portion of the magistrate court record granting garnishee a judgment for attorney's fees against plaintiff Auto Finance Co.

Therefore, the judgment of the circuit court is reversed and the cause is remanded with directions to quash the order of the magistrate dismissing garnishment proceedings and to order the magistrate court to proceed in accordance with this opinion. The circuit court is further directed to quash that portion of the magistrate court record granting garnishee a judgment for attorney's fees against plaintiff Auto Finance Co.

SEILER, MORGAN, HOLMAN and FINCH, JJ., concur.

HENLEY, J., concurs in result in separate concurring opinion filed.

DONNELLY, C. J., concurs in result and concurs in separate concurring opinion of HENLEY, J.

HENLEY, Judge (concurring in result).

I agree that the judgment of the circuit court must be reversed and the cause remanded with directions that the judgment of the magistrate court be quashed; hence, I concur, but the concurrence is limited to that result.

The concurrence is so limited, because I have the view that the principal opinion in reaching this result has considered matters beyond the question of whether the magistrate had jurisdiction, matters the trial court could not consider because not cognizable in certiorari; that the principal opinion has thus expanded unnecessarily the narrow and limited scope of review traditionally afforded by this extraordinary writ.

Furthermore, I have the view that the holding that the magistrate had jurisdiction to quash the garnishment is inconsistent with the result reached, because if the magistrate had such jurisdiction then the garnishee had the right to appeal from the order quashing the garnishment. In that situation certiorari would not lie. In State ex rel. Palmer et al. v. Elliff, 332 Mo. 229, 58 S.W.2d 283, 286 [4, 5] (1933), the court said: "Certiorari cannot be used as a substitute for appeal * * * and where the inferior tribunal has jurisdiction and its action can be reviewed by appeal * * *, certiorari will not lie." An order quashing a writ of garnishment is a final judgment from which an appeal may be taken. Flynn v. First National Safe Deposit Company, 284 S.W.2d 593, 596 [6] (Mo.1955). Where certiorari does not lie, all that can be done by the court which issued that writ is to refuse to quash the record of the magistrate. State ex rel. St. Louis County v. Evans, 346 Mo. 209, 139 S.W.2d 967 (Mo. banc 1940).